No. 62,513

STATE OF KANSAS, *Appellant*, v. KIMBERLY A. WILCOX, a/k/a KIMBERLY TILLSON, *Appellee*.

(775 P.2d 177)

Opinion filed May 26, 1989.

*Gunnar A. Sundby*, county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for the appellant.

*John R. Kurth*, of J. David Farris Law offices, of Atchison, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, C.J.: The defendant, Kimberly Wilcox, was charged in Atchison District Court with two counts of making a false writing. The trial judge dismissed the complaint, ruling that the charges were not brought under the proper statute. The State appeals pursuant to K.S.A. 22-3602(b)(1).

The facts are not in dispute. In September 1987, the State of Kansas, through the Department of Social and Rehabilitation Services (SRS), issued a warrant for the payment of $50 to Kimberly Wilcox to assist her in the care of her children. In October, she informed the Atchison SRS office that she had not received her September check. She then signed a lost warrant statement claiming she had never received the September check. In November, SRS discovered that the September check, with defendant's signature, had cleared the bank. At this time, defendant signed an affidavit that she had not received the September check. She also gave handwriting exemplars which were later compared to the signature on the check. Apparently the handwriting expert determined that defendant's signature was on the check. She was then charged with two counts of making a false writing.

Count I of the complaint charges in substance that on October

27, 1987, defendant made a written instrument, to-wit: STATE-MENT-LOST WARRANT with knowledge that such writing falsely represents a material fact, with the intent to induce official action, in violation of K.S.A. 21-3711.

Count II of the complaint charges in substance that on November 27, 1987, defendant unlawfully made a written instrument, to-wit: AFFIDAVIT, with knowledge that such writing falsely states a material fact, with the intent to defraud, in violation of K.S.A. 21-3711.

K.S.A. 21-3711 provides:

"Making a false writing is making or drawing or causing to be made or drawn any written instrument or entry in a book of account with knowledge that such writing falsely states or represents some material matter or is not what it purports to be, and with intent to defraud or induce official action."

Making a false writing is a Class D felony.

A more specific statute is the statute on welfare fraud, K.S.A. 39-720. That statute reads:

"Any person who obtains or attempts to obtain, or aids or abets any other person to obtain, by means of a willfully false statement or representation, or by impersonation, collusion, or other fraudulent device, assistance to which the applicant or client is not entitled, shall be guilty of the crime of theft, as defined by K.S.A. 21-3701."

Welfare fraud, where less than $500 is involved, is a Class A misdemeanor.

Defendant waived preliminary hearing and at arraignment entered pleas of not guilty to the charges against her. A few days after arraignment, defendant filed a motion to dismiss. Defendant contended, *inter alia*:

"That the State's complaint . . . which alleges two (2) counts of making a false writing in violation of K.S.A. 21-3711, is fatally defective. In support of this portion of Defendant's motion, Defendant states that it is the clear legislative intent as expressed by K.S.A. 39-720 and amendments thereto, that the Defendant be charged with the crime of theft as defined by K.S.A. 21-3701. Furthermore, that this is the most specific charge and is the one that should have been complained of."

The trial court sustained the motion and dismissed the action. The State appeals.

K.S.A. 39-720 is applicable to the case at bar and is intended to punish those who obtain or attempt to obtain public assistance by deception. See generally, *State v. Allison,* 173 Kan. 107, 244 P.2d 176 (1952). The statute which defendant was charged with

violating, K.S.A. 21-3711, proscribing the making of a false writing, is not a specific statute concerning only cases of welfare fraud. Charges under that statute may range from false bank statements to false statements made under the campaign finance act. See *State v. Kee*, 238 Kan. 342, 711 P.2d 746 (1985), and *State v. Doyen*, 224 Kan. 482, 580 P.2d 1351 (1978). K.S.A. 21-3711 is a general statute, and includes a far greater range of activity than that which is included within the ambit of K.S.A. 39-720.

Kansas appellate courts have often said:

"When there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless it appears that the legislature intended to make the general act controlling. *State v. Wilson*, 11 Kan. App. 2d 504, Syl. ¶ 1, 728 P.2d 1332 (1986); see *State v. Keeley*, 236 Kan. 555, 560, 694 P.2d 422 (1985)." *In re K.J.*, 12 Kan. App. 2d 188, 189, 737 P.2d 874 (1987).

And see *State v. Helms*, 242 Kan. 511, 512, 748 P.2d 425 (1988); *Thomas v. Board of Trustees of Salem Township*, 224 Kan. 539, 545, 582 P.2d 271 (1978); and *State v. Kliewer*, 210 Kan. 820, Syl. ¶ 8, 504 P.2d 580 (1972).

A recent case is *State v. Micheaux*, 242 Kan. 192, 747 P.2d 784 (1987). In that case, the issue was whether the trial court lacked jurisdiction because the information failed to allege a crime. The defendant contended that because the information failed to allege all of the elements of theft it was defective. We held that welfare fraud, defined by K.S.A. 39-720, is an independent crime. We said:

"In our judgment, there is . . . language in the statute which demonstrates that the legislative intent was to make a charge under K.S.A. 39-720 an independent crime of welfare fraud, and that the purpose of referring to 21-3701 was simply to include welfare fraud in the general category of theft offense and to carry the same penalties as theft. *It is clear from the history of K.S.A. 39-720 that that statute was enacted to create an independent crime of welfare fraud to be utilized as a means of enforcing the Social Welfare Act which was enacted by the Kansas Legislature in 1937.*" 242 Kan. at 200. (Emphasis supplied.)

Another somewhat similar case, which we find persuasive, is *State v. Wilson*, 11 Kan. App. 2d 504, 728 P.2d 1332 (1986). Wilson, a state employee, was charged with presenting a false claim, in violation of K.S.A. 21-3904, and with presenting a claim for expenses which were not in fact incurred, in violation of K.S.A. 75-3202. Both claims arose out of the same act. Defendant was convicted of both offenses and he appealed. K.S.A. 21-3904

provided that presenting a false claim for $50 or more was a felony; K.S.A. 75-3202 provided only that presenting of an account for expenses not in fact incurred, by a state employee, was a misdemeanor. However, the latter statute also provided that a person convicted of violating the statute should forever thereafter be disqualified from holding any office of profit or trust under the laws of the State of Kansas. The Court of Appeals, in reversing Wilson's conviction for violation of K.S.A. 21-3904, held that the specific statute controls. Since Wilson was included within the particular class addressed by K.S.A. 75-3202, it was the proper and exclusive statute under which he should be charged. His conviction of a violation of K.S.A. 75-3202 was therefore affirmed.

The State is contending that Wilcox was attempting, both by the lost warrant statement and by the affidavit, to secure payment of an additional $50 in public assistance to which she was not entitled. Such acts were clearly within the scope of K.S.A. 39-720: attempting to obtain, by means of a willfully false statement, assistance to which the applicant or client is not entitled.

The general statute and the specific statute clearly conflict, and the specific statute must control unless it appears that the legislature intended to make the general act controlling. We find nothing to indicate that the legislature had such intent. The proper statute under which to charge this defendant was K.S.A. 39-720, the welfare fraud statute. The district court was correct in dismissing the proceeding.

The State complains that no leave to amend the complaint was granted by the trial court. The State did not ask leave to amend; instead, it filed this appeal. The trial court did not err in failing to grant leave to amend in the absence of a request therefor by the State.

The judgment is affirmed.