No. 62,119

STATE OF KANSAS, *Appellee,* v. LAUFRANZE KEOKA JONES, *Appellant.*
(787 P.2d 738)

Opinion filed March 2, 1990.

*Lucille Marino,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, and *Paul Flake,* student intern, were with her on the brief for appellant.

*James Savage,* assistant district attorney, argued the cause, and *Nick A. Tomasic,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: Laufranze Keoka Jones was convicted in a jury trial of two counts of welfare fraud (K.S.A. 39-720), one count of making a false writing (K.S.A. 21-3711), and one count of felony theft (K.S.A. 21-3701). On appeal, the Court of Appeals: (1) vacated one count of welfare fraud as being barred by the statute of limitations; (2) reversed and remanded one count of welfare fraud; and (3) affirmed the remaining two convictions. *State v. Jones,* 13 Kan. App. 2d 520, 775 P.2d 183 (1989). We granted defendant's petition for review to consider the implications of *State v. Wilcox,* 245 Kan. 76, 775 P.2d 177 (1989), on the two convictions which were affirmed. The *Wilcox* opinion was filed the same day as was the Court of Appeals opinion herein (May 26, 1989).

In *Wilcox,* the defendant was charged with two counts of making a false writing. The purpose and result of the false writings were to enable Wilcox to receive more welfare funds from the Department of Social and Rehabilitation Services (SRS) than those to which she was entitled. We held that K.S.A. 39-720 was a specific statute dealing with the particular wrongful acts of false writing with which Wilcox was accused of committing and that she should have been prosecuted under that statute. K.S.A. 39-720 provides:

"Any person who obtains or attempts to obtain, or aids or abets any other person to obtain, by means of a willfully false statement or representation, or by impersonation, collusion, or other fraudulent device, assistance to which the applicant or client is not entitled, shall be guilty of the crime of theft, as defined by K.S.A. 21-3701; and he shall be required to remit to the secretary the amount of any assistance given him under such fraudulent act. In any civil action for the recovery of assistance on the grounds the assistance was fraudulently obtained, proof that the recipient of the assistance possesses or did possess resources which does or would have rendered him ineligible to receive such assistance shall be deemed prima facie evidence that such assistance was fraudulently obtained."

In the case before us, the two counts of welfare fraud (Counts I and II) involve the wrongful receipt of welfare monies from SRS. The false writing and theft convictions (Counts III and IV) involve the wrongful receipt of monies under the Section 8 rental assistance program funded by the United States Department of Housing and Urban Development (HUD) and administered by the Kansas City, Kansas, Housing Authority. These monies came from the federal government and not through SRS.

In *State v. Micheaux,* 242 Kan. 192, 200, 747 P.2d 784 (1987), we stated "It is clear from the history of K.S.A. 39-720 that that statute was enacted to create an independent crime of welfare fraud to be utilized as a means of enforcing the Social Welfare Act which was enacted by the Kansas Legislature in 1937." K.S.A. 39-720 requires that reimbursement be made to the Secretary of SRS and is a part of the Social Welfare Act, K.S.A. 39-701 *et seq.* Clearly, the application of K.S.A. 39-720 is limited to the wrongful receipt of or attempt to receive assistance from SRS. As Counts III and IV do not involve SRS assistance, K.S.A. 39-720 is not a bar to the prosecutions herein under the general statutes, K.S.A. 21-3711 and K.S.A. 21-3701.

As previously stated, we granted review herein only to determine the one issue relative to the applicability of K.S.A. 39-720 to Counts III and IV in light of our *State v. Wilcox*, 245 Kan. 76, opinion. Other issues for which review was sought, including limitation on defense counsel's cross-examination and sufficiency of the evidence, were adequately discussed and disposed of by the Court of Appeals and will not be dealt with herein.

The Court of Appeals' decision affirming in part, reversing in part, and vacating in part the judgment of the district court is affirmed.