No. 66,749

STATE OF KANSAS, *Appellant,* v. KENNETH R. WILLIAMS, *Appellee.*

(829 P.2d 892)

Opinion filed April 10, 1992.

*Sara Welch,* assistant district attorney, argued the cause, and *Paul J. Morrison,* district attorney, and *Robert T. Stephan,* attorney general, were with her on the brief for appellant.

*Rebecca E. Woodman,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, and *Mary Beth Easley,* legal intern, were with her on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Kenneth R. Williams was charged with one count of indecent liberties with a child, K.S.A. 1991 Supp. 21-3503. The charge arose after S.J., a 14-year-old female, reported to her mother that she had been sexually molested by Williams, her step-grandfather. Under the facts, the alleged conduct is proscribed by both K.S.A. 1991 Supp. 21-3503(1)(b), indecent liberties with a child, a Class C felony, and K.S.A. 21-3603(1) and (2)(b), aggravated incest, a Class D felony.

At the preliminary examination, S.J. testified that while visiting Williams at his home, he told her to remove her pants. S.J. said

Williams then got on his knees and put his head between her legs and his mouth on her vagina, and that he put his hands inside her shirt and touched her breasts. S.J. further testified Williams had the zipper of his pants undone during the incident. She testified that he got on top of her and attempted to insert his penis into her vagina.

Also at the preliminary examination, the investigating officer testified Williams gave two versions of the incident. In the first version Williams stated that when he went into the trailer, S.J. was sitting on the couch with her shirt up, exposing her breasts. He told her to cover her breasts. She did not, and he accidentally touched her breasts, possibly while pulling her shirt down. The second version was that, when S.J. exposed her breasts to him, she asked him to suck her breasts. He did so. S.J. then asked him to kiss her vaginal area. Williams could not recall whether he actually had done so.

Williams moved to dismiss the complaint, arguing that aggravated incest as defined by K.S.A. 21-3603 is a more specific criminal offense than indecent liberties with a child, as defined by K.S.A. 1991 Supp. 21-3503; therefore, he should have been charged with aggravated incest because the alleged victim was his 14-year-old step-granddaughter. The district court granted Williams' motion to dismiss, finding the legislature intended the aggravated incest statute to be a statute of specific application in that it relates to particular persons or things of a class, so Williams should have been charged with aggravated incest. The State appealed.

K.S.A. 1991 Supp. 21-3503 states:

"**Indecent liberties with a child.** (1) Indecent liberties with a child is engaging in any of the following acts with a child who is under 16 years of age:

"(a) Sexual intercourse; or

"(b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both; or

"(c) soliciting the child to engage in any lewd fondling or touching of the person of another with the intent to arouse or satisfy the sexual desires of the child, the offender or another.

"(2) It shall be a defense to a prosecution of indecent liberties with a child that the child was married to the accused at the time of the offense.

"(3) Indecent liberties with a child is a class C felony."

K.S.A. 21-3603 states:

"**Aggravated incest.** (1) Aggravated incest is marriage to or engaging in any prohibited act enumerated in subsection (2) with a person who is under 18 years of age and who is known to the offender to be related to the offender as any of the following biological, step or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew or niece.

"(2) The following are prohibited acts under subsection (1):

"(a) Sexual intercourse, sodomy or any unlawful sex act, as defined by K.S.A. 21-3501 and amendments thereto; or

"(b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both.

"(3) Aggravated incest is a class D felony."

The issue for our determination is whether the State must charge a defendant with aggravated incest rather than indecent liberties with a child when the defendant is related to the victim as set forth in K.S.A. 21-3603(1).

The State first notes the district court relied on the rule of statutory construction that "a special statute prevails over a general statute unless it appears that the legislature intended to make the general act controlling." *Seltmann v. Board of County Commissioners*, 212 Kan. 805, 811, 512 P.2d 334 (1973). The State disagrees with the district court's reasoning, contending that the decision to charge the defendant with indecent liberties with a child rather than aggravated incest is a discretionary alternative provided by statute for the prosecutor. It asserts it has authority to charge Williams with either indecent liberties with a child or aggravated incest because

(1) the two statutes establish different classes of felonies, each statute requires proof of at least one element not present in the other statute, and the aggravated incest statute prohibits a greater range of behavior than does the indecent liberties statute; and

(2) the rationale in *State v. Helms*, 242 Kan. 511, 748 P.2d 425 (1988), that indecent liberties with a child is not a more specific statute than rape, applies in this case.

The State also contends *State v. Siard*, 245 Kan. 716, 783 P.2d 895 (1989), and *State v. Hutchcraft*, 242 Kan. 55, 744 P.2d 849 (1987), *overruled on other grounds State v. Fike*, 243 Kan. 365,

757 P.2d 724 (1988), support the State's position that charging indecent liberties with a child rather than aggravated incest is a discretionary decision which rests with the State.

The State claims that children who are related to an offender are more vulnerable to sexual victimization than those who are not. The State points out the existing relationship between the child and the offender affords the offender accessibility to the victim which does not exist absent that relationship. The State asserts that if Williams' argument is accepted, it must be concluded that the legislature intended to afford less protection to child victims of sexual molestation if the victim is related to the offender.

Williams claims the State's argument does not address the issue whether, under the facts, he must be charged with aggravated incest but instead focuses on whether aggravated incest and indecent liberties with a child are separate offenses. Williams contends the State implies that because the elements of the two crimes are different, neither is a specific crime; therefore, it has the discretion to charge him with either offense.

Williams claims there is a clear legislative intent that the aggravated incest statute be the exclusive mechanism for punishing those who commit acts which fall within its purview. Williams states that the district court was correct in its determination and in reasoning "[w]hen there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless it appears that the legislature intended to make the general act controlling." *State v. Wilcox*, 245 Kan. 76, Syl. ¶ 1, 775 P.2d 177 (1989).

Williams argues the clear legislative intent is that aggravated incest is a specific crime and the offense of indecent liberties is a more general crime. Williams relies on the following portion of the trial court's memorandum decision which addresses the question of legislative intent:

"While the legislative history is not crystal clear, *State v. Armstrong*, 238 Kan. 559, 565, 712 P.2d 1258, recites that effective July 1, 1983, parents were included in the class of individuals set forth under Aggravated Indecent Liberties with a Child and subject to being charged with a Class B felony. The 1984 legislature amended the statute. The new version of 21-3504 was

changed to delete parents and certain relatives from prosecution for such acts after July 1, 1984. The crime of Aggravated Incest under K.S.A. 1984 Supp. 21-3603(2)(b) was amended to prohibit lewd fondling or touching of a child under the age of eighteen years by certain listed relatives. Aggravated incest was made a class D felony. From such abbreviated history it may be fair to infer that the legislature did intend to treat parties related to the victim differently than the parties that were unrelated to the victim. Some might conclude that by making Aggravated Incest a class D felony and Indecent Liberties with a Child a Class C felony, that this would infer on the part of the legislature that such conduct was less reprehensible. However, it should be pointed out that the charge of aggravated incest does not allow marriage as a defense. In fact, marriage becomes an offense. In addition, the related victim must be under the age of eighteen years."

In *Helms*, 242 Kan. 511, the defendant contended the offense of indecent liberties with a child was a more specific crime than rape, K.S.A. 21-3502; therefore, indecent liberties with a child was the exclusive offense for which he could be charged, convicted, and punished.

We observed that the rule that a more specific statute should prevail over a general statute is merely a rule of interpretation which is used to determine which statute the legislature intended to be applied to a particular set of facts and that it had no application in that case. We determined if the rule were to apply as a means of determining legislative intent, the rule must yield where there is a clear indication that the legislature did not intend for one statute to be the exclusive mechanism for punishing a given activity. The necessary result of Helms' argument was that an individual who rapes a person under the age of 16 years may not receive the same punishment had the individual raped an adult. We noted such an interpretation accords to persons under the age of 16 less protection than adults. We said the view that indecent liberties with a child provides the exclusive means of punishment for any individual who commits any sexual crime against a minor flies in the face of logic and reason. We found it required an assumption that the legislature intended to afford less protection to the most vulnerable segment of our society. 242 Kan. at 514-15.

In addition, we noted that the crime of rape contains elements not included within the crime of indecent liberties with a child. Indecent liberties with a child punishes consensual or noncon-

sensual sexual intercourse or lewd fondling involving a victim under 16 years of age. The crime of rape punishes persons committing an act of sexual intercourse with a nonconsenting victim whose resistance is overcome by force or fear. We concluded that indecent liberties with a child was not a more specific illicit act of sexual intercourse than rape. 242 Kan. at 513.

In *State v. Coberly*, 233 Kan. 100, 661 P.2d 383 (1983), we held that while defendant Coberly could not be convicted of both rape and indecent liberties with a child for a single act, he could be punished for either crime, depending upon the facts. Because there was no doubt that the evidence established that Coberly had committed the crime of rape, we voided the defendant's conviction of indecent liberties with a child and affirmed his conviction of rape.

In *State v. Siard*, 245 Kan. 716, 783 P.2d 895 (1989), the defendant had engaged in numerous separate acts of sexual intercourse with his 14- and 15-year-old daughters. The defendant was charged with separate counts of aggravated incest involving each child and separate counts of taking indecent liberties with each child. Siard contended he was convicted of both indecent liberties with a child and aggravated incest arising out of the same act and that under K.S.A. 21-3107, he could be convicted of the crime charged or an included crime but not both. Siard argued that, because his convictions for indecent liberties with a child and aggravated incest based on the same act were multiplicitous, he could be sentenced only for the lesser crime of aggravated incest. There was sufficient evidence to charge Siard with and convict him of approximately 30 separate crimes. The majority held Siard could be convicted of either aggravated incest or indecent liberties with a child as long as the convictions were based on separate and distinct acts. 245 Kan. at 722-23.

In *State v. Hutchcraft*, 242 Kan. 55, the defendant was convicted of five counts of indecent liberties with a child. All of the alleged victims were step-grandchildren of the defendant. Hutchcraft contended that aggravated incest was an identical offense to that of indecent liberties with a child and the jury should have also been instructed on the identical offense of aggravated incest. We did not agree, noting indecent liberties with a child requires the State to prove that the child is not married to the offender

and that the child is under 16 years of age. Aggravated incest requires the State to prove that the child is under 18 years of age; that the child is related to the offender as a biological, step, or adoptive relative; and that the defendant, knowing of that relationship, either married the child or committed certain prohibited acts with the child. We determined that the offense of indecent liberties with a child is not identical with the offense of aggravated incest; therefore, a parent can be charged with indecent liberties with a child under 21-3503, as defendant was in this case, or the parent can be charged with aggravated incest under 21-3603. Hutchcraft did not claim that because of his relationship with the child victim, he could only be convicted of aggravated incest.

For the general statute versus specific statute rationale to be applicable to the two crimes, the indecent liberties statute must be viewed as a statute generally prohibiting certain sexual behavior and the aggravated incest statute as applying to the identical prohibited conduct by a person related to the victim. "When there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless it appears that the legislature intended to make the general act controlling." *State v. Wilcox*, 245 Kan. 76, Syl ¶ 1, 775 P.2d 177 (1989). See *State v. Makin*, 223 Kan. 743, 748, 576 P.2d 666 (1978).

· A statute which relates to persons or things as a class is a general law, while a statute which relates to particular persons or things of a class is specific. *Seltmann v. Board of County Commissioners*, 212 Kan. 805, Syl ¶ 2. Under this broad definition one of the statutes relates a general law and the other a specific law.

Although the elements of the two crimes are similar, the distinguishing factor is that aggravated incest requires the act to be committed by a biological, step, or adoptive relative of the child. This relationship is not an element in the indecent liberties with a child statute. From a reading of these statutes, it is clear that the legislature intended to establish certain sex offenses applicable where family relationships are not involved. The legislature also intended that aggravated incest, a crime committed by a person related to the victim, constitutes a less serious offense than when

a similar prohibited act is perpetrated by a defendant against a child with whom he or she has no family relationship. We hold where a defendant is related to the victim as set forth in K.S.A. 21-3603(1), the State may charge the defendant with aggravated incest for engaging in the acts prohibited therein but not with indecent liberties with a child. Any statement in *Hutchcraft* that is not consistent with this holding is hereby disapproved.

Affirmed.