No. 68,059

STATE OF KANSAS, *Appellee,* v. MONA I. REED, *Appellant.*

(865 P.2d 191)

Opinion filed December 10, 1993.

*Steven R. Zinn,* deputy appellate defender, argued the cause and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*Kerwin L. Spencer,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Defendant appeals the revocation of her probation following her guilty plea to felony theft by deception, contrary to K.S.A. 21-3701(b). Defendant contends the district court (1) abused its discretion in revoking her probation and (2) lacked jurisdiction to accept her plea because she was charged under the general theft statute, K.S.A. 21-3701, instead of the welfare fraud statute, K.S.A. 39-720. The Court of Appeals reversed and remanded to the district court with orders to vacate the conviction. The State's petition for review was granted.

The facts are not in dispute. While Reed and her husband were separated, she applied for and received assistance from both the ADC and Food Stamp programs. Her husband, who was employed, moved back into the home, and Reed was no longer eligible for public assistance. Reed, however, failed to inform the appropriate authorities that her husband was again living with her, and she continued to receive assistance.

Reed was charged with one count of felony theft by deception, K.S.A. 21-3701, and three counts of making a false writing, K.S.A. 21-3711. Pursuant to a plea agreement, Reed pled guilty to felony theft, and the State dismissed the false writing charges. The district court sentenced Reed to a term of 1 to 5 years. Reed was granted probation for three years with the following conditions: that she obtain employment, make restitution of $3,522 to the State, perform 100 hours of community service, attend the New Start counseling group, and cooperate with SRS in regard to her daughter, who was in SRS custody.

Ten months after sentencing, the State moved to revoke Reed's probation based on her failure to make monthly restitution payments, attend New Start regularly, obtain employment, complete the required 100 hours of community service, and cooperate with SRS in regard to her daughter. The district court found that Reed had failed to comply with the terms of her probation. The court revoked probation and ordered her to serve the sentence imposed. Reed appealed to the Court of Appeals.

In addition to her claim on appeal that the district court had improperly revoked her probation, Reed argued for the first time that her conviction must be vacated, claiming the district court lacked jurisdiction to accept her plea because she had been erroneously charged with theft by deception, K.S.A. 21-3701(b), instead of welfare fraud, K.S.A. 39-720. Reed cited *State v. Wilcox*, 245 Kan. 76, 775 P.2d 177 (1989), and *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992), as authority to vacate her conviction.

The State argued the prosecution had proved each element of welfare fraud, K.S.A. 39-720, plus an additional element of intent to permanently keep the property required to prove theft, and Reed's conviction should be affirmed. The State's position was premised on the welfare fraud statute's use of K.S.A. 21-3701 to

define the penalty for 39-720, and it asserted this did not affect her conviction under K.S.A. 39-720.

The Court of Appeals first reviewed Reed's challenge to the jurisdiction of the district court to accept her plea to theft alleged in the complaint. It noted that under a similar set of facts in *State v. Wilcox*, 245 Kan. 76, Syl. ¶ 2, this court had determined that "K.S.A. 39-720 is the proper statute under which persons accused of welfare fraud should be prosecuted."

In *Wilcox*, the defendant had received payment from SRS to assist her in the care of her children. Wilcox informed SRS and signed affidavits stating that she never received certain payments from SRS. The agency issued warrants to replace those payments. Later, SRS discovered that Wilcox had cashed the original pay warrants. Wilcox was charged with making a false writing in violation of K.S.A. 21-3711. Wilcox waived her preliminary examination and at arraignment entered pleas of not guilty to the charges. A few days after her arraignment, Wilcox filed a motion to dismiss the charge against her, claiming the complaint was defective because it failed to charge the more specific crime of welfare fraud. After the hearing on the motion, the district court found that the charges were not brought under the proper statute and dismissed the complaint.

This court had observed in *Wilcox* that K.S.A. 39-720 was "to punish those who obtain or attempt to obtain public assistance by deception." 245 Kan. at 77. We noted that the statute Wilcox was charged under, K.S.A. 21-3711, proscribed the making of a false writing and was not a specific statute concerning welfare fraud. We pointed out that K.S.A. 21-3711 is a general statute which includes a far greater range of activity than that included within the ambit of K.S.A. 39-720. We then reiterated the well-established rule that when there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless the legislature intended to make the general act controlling. We upheld the district court's dismissal of the complaint.

In reviewing our decision in *Wilcox*, the Court of Appeals noted that the legislature enacted K.S.A. 39-720 to create an independent crime of welfare fraud to enforce the Social Welfare Act. The Court of Appeals, citing *State v. Micheaux*, 242 Kan. 192,

747 P.2d 784 (1987), as authority, found that it was clear that K.S.A. 21-3701, which proscribes theft in its various manifestations, was not a specific statute concerning welfare fraud. The Court of Appeals determined K.S.A. 39-720 specifically proscribed welfare fraud or attempted welfare fraud. Based on *Micheaux*, the Court of Appeals concluded that because Reed was improperly charged under 21-3701, the district court had no jurisdiction to accept Reed's plea. It vacated Reed's conviction based upon theft. The issue of whether the district court abused its discretion in revoking Reed's probation was found to be moot.

A review of other cases shows that the Court of Appeals misapplied *Wilcox* when it vacated Reed's sentence. In *Williams*, 250 Kan. 730, the defendant was charged with one count of indecent liberties with a child, K.S.A. 1992 Supp. 21-3503. During the preliminary examination, evidence was adduced that the child Williams sexually molested was his 14-year-old step-granddaughter. At the conclusion of the hearing, Williams moved to dismiss the complaint, arguing that the evidence presented by the State showed the more specific crime of aggravated incest had been committed rather than the crime charged, indecent liberties with a child. The judge granted Williams' motion to dismiss, finding that the legislature intended the more specific crime of aggravated incest to apply to the facts in evidence. The State appealed.

In *Williams*, as in *Wilcox*, we pointed out that when there is a conflict between a statute dealing generally with a crime and another statute dealing specifically with a certain phase of the crime, the specific statute controls unless the legislature intended to make the general crime controlling. We then noted that although the elements of the two crimes are similar, the distinguishing factor is that aggravated incest requires the act to be committed by a biological, step, or adoptive relative of the child, while such a family relationship is not an element in the crime of indecent liberties with a child. After reviewing the statutes, we found it was clear that the legislature intended that aggravated incest, a crime committed by a person related to the victim, be a less serious offense than when a similar act is perpetrated by a person who has no such family relationship with the child. We concluded that when a defendant is related to the victim as set

forth in K.S.A. 21-3603(1), the State may charge the defendant with aggravated incest for engaging in the acts prohibited by that statute, but not with indecent liberties with a child.

In *State v. Sims*, 253 Kan. 1, 862 P.2d 359 (1993), we pointed out that our conclusion in *Williams* and the corresponding statement in Syl. ¶ 4 caused some to erroneously believe that if the State alleges in the complaint that an individual committed the offense of indecent liberties with a child, the court is without jurisdiction to proceed if the person accused is related to the victim. A clearer statement of the point of law decided in *Williams* is: Where a defendant is charged in a complaint with a general sexual offense (rape, sodomy, indecent liberties with a child, etc.) and, at the conclusion of the preliminary examination moves to dismiss the complaint on the basis that the evidence has established that the alleged victim is within that degree of kinship to the defendant as would render the offense to be within the definition of the specific offense of aggravated incest, the State may either proceed to arraign the defendant on an information charging the crime of aggravated incest or dismiss the complaint.

In *Sims*, the grandfather of the 17-year-old female was convicted of rape, aggravated criminal sodomy, and aggravated incest. Seven months after his conviction, the defendant filed a motion to arrest judgment on the charges of rape and aggravated criminal sodomy. Based on our decision in *Williams*, Sims claimed the district court had no jurisdiction to convict him of those offenses. After reviewing *Williams*, the district judge noted that the legislature intended aggravated incest, a crime committed by a person related to the defendant, to be a different crime than indecent liberties with a child, a similar prohibited act committed by a defendant without a family relationship. The district court arrested Sims' convictions for rape and aggravated criminal sodomy. The State appealed the order arresting judgment.

In Sims we pointed out that *Williams* actually dealt with a challenge to the sufficiency of the evidence at the preliminary examination and not with lack of jurisdiction because the charging instrument was insufficient. We determined that the district court had jurisdiction to proceed; therefore, Sims could not challenge the jurisdiction of the court by a motion to arrest judgment.

In *Williams* the defendant moved to dismiss the complaint at the conclusion of the preliminary examination. In *Wilcox*, a few days after being arraigned, the defendant filed a motion to dismiss the complaint. Neither Williams nor Wilcox challenged the sufficiency of the charging document; both claimed that the State's evidence indicated that a lesser crime than charged by the State had been committed. In each case we noted the well-established rule that when there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless the legislature intended to make the general act controlling, had been applied after the judge heard evidence and determined the proper charge against Williams and Wilcox.

Reed, as did the defendant in *Sims*, confuses a challenge to the sufficiency of the complaint with a claim that the court did not have jurisdiction to sentence her because she had improperly pled guilty to theft, a general crime which she had not committed, rather than to welfare fraud, the crime she actually committed. The sufficiency of the charging document is measured by whether: (1) it contains the elements of the offense intended to be charged, (2) it sufficiently apprises the defendant of what he or she must be prepared to meet, and (3) it is specific enough to make a subsequent plea of double jeopardy possible. The charging document is sufficient if it substantially follows the language of the statute or charges the offense in equivalent words or words of the same import. K.S.A. 22-3201; *State v. Micheaux*, 242 Kan. at 197.

A defendant may challenge the sufficiency of the complaint, information, or indictment charging a felony crime during three stages of the proceedings. At the preliminary examination, the defendant may have the complaint dismissed if the complaint is defective or the court is without jurisdiction. The charges will also be dismissed if the State fails to produce sufficient evidence to show either that a crime has been committed or that the defendant committed the crime. If the magistrate finds from the evidence it appears that a felony has been committed and there is probable cause to believe that the defendant committed it, the defendant is bound over for arraignment. K.S.A. 22-2902. The determination of probable cause at the preliminary examination

is not a challenge to the sufficiency of the complaint; it is only to determine from the evidence adduced at the hearing if a felony has been committed.

Prior to trial, the defendant has another opportunity to attack any defects in the complaint, including failure to state a crime, as well as the jurisdiction of the court. Failure to present any such defenses or objections constitutes a waiver. K.S.A. 1992 Supp. 22-3208(3). The final opportunity for a defendant to challenge the sufficiency of the charging instrument or the jurisdiction of the court prior to sentencing is by a motion to arrest judgment, which must be filed within a period of 10 days after the defendant is found guilty, whether by trial or otherwise. K.S.A. 22-3502. See generally *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990).

Sims' final challenge to his conviction was that he was charged with and convicted of the wrong crime. We noted that question had previously been decided by this court in *State v. McCool*, 34 Kan. 617, 9 Pac. 745 (1886). In *McCool*, McCool was charged in an information with the offense of stealing a trunk and some wearing apparel contained within the trunk, having an aggregate value of more than $25. McCool was convicted of grand larceny and sentenced to serve a term of three years. After his conviction, McCool filed a motion to arrest judgment, claiming that the evidence adduced at trial did not support the charge in the information but that if any offense was shown to have been committed by the evidence, it was that of embezzlement (a separate crime) and not grand larceny. The district court denied McCool's motion to arrest judgment. McCool appealed.

This court noted that McCool claimed the evidence did not support the crime charged but did support a separate crime. We pointed out that the grounds upon which a judgment may be arrested are specifically prescribed in the statute and are first, that the grand jury which found the indictment had no legal authority to inquire into the offense charged, by reason of its not being within the jurisdiction of the court, and second, that the facts stated do not constitute a public offense. We observed that the cause alleged by the defendant was not among those enumerated in the statute and affirmed the trial court's denial of McCool's motion to arrest judgment. This court in *Sims* stated a judgment cannot be arrested upon the ground that the evidence

offered does not support the charge made against the defendant. 254 Kan. 1, Syl. ¶ 9.

Because *Wilcox, Williams,* and *Sims* dealt with sufficiency of the evidence for the crime charged and not with whether the district court had jurisdiction to accept Reed's plea to theft by deception, we must shift our focus to *State v. Gibbens,* 253 Kan. 384, 855 P.2d 937 (1993). Gibbens pled nolo contendere to two counts of rape. The district judge imposed the maximum sentence on each count, with the sentences to run consecutively. On appeal the defendant claimed that his sentence was excessive and the trial court lacked jurisdiction to accept his plea because the two victims were his stepdaughters and that he should have been charged with violating the more specific statute of aggravated incest rather than rape. To show the district court lacked jurisdiction, Gibbens relied on the statement in *Williams* that where a biological, step, or adoptive relationship exists between offender and child victim, aggravated incest is the specific crime to be charged as opposed to the more general crime of indecent liberties with a child. See K.S.A. 21-3603; K.S.A. 1992 Supp. 21-3503.

Without distinguishing *Williams,* we noted that Gibbens was raising the question of jurisdiction as an issue for the first time on appeal, which under the circumstances was actually a collateral attack on the district court's acceptance of his nolo contendere pleas. We concluded Gibbens had cited no authority for the proposition that the aggravated incest-rape argument was a jurisdictional matter. We noted that the information on its face contained all allegations necessary for the conviction of the defendant on both counts of rape. We pointed out that Gibbens was aware of the results of a guilty plea. We concluded that the district court had jurisdiction to accept Gibbens' plea of nolo contendere to the rape charges.

Reed was represented by counsel. She understood the nature of the charges, the effect of the guilty plea, and the sentence that could be imposed. The fact that the evidence does not support the charge to which the defendant pled guilty does not require that the plea be later vacated. The Court of Appeals erred when it vacated Reed's plea to theft by deception.

Reed alleges the district court automatically revoked her probation once the probation violation was established, without con-

sidering the reasons for the violation, citing *State v. Duke*, 10 Kan. App. 2d 392, 699 P.2d 576 (1985), and that the court abused its discretion in revoking her probation. The Court of Appeals did not reach these issues.

*Duke* is distinguishable from the present case because here the district court's decision was based upon more than just Reed's failure to make restitution. The district court specifically noted Reed's failure to attend therapy, her failure to faithfully seek and obtain employment, and her failure to cooperate with SRS. Further, there is evidence that Reed voluntarily agreed to forego enforcing support payments from her ex-husband in exchange for her having sole custody of the children.

Reed asserts that she lacked the financial wherewithal to either pay restitution and/or continue counseling, that her five absences at New Start do not warrant her probation being revoked, and that on four of those five absences she contacted her probation officer following the absence. Finally, she contends that she attempted to comply with the requirement of 100 hours of community service, and that although she failed to provide the required verification of community service, such a shortcoming does not justify the court's revocation of her probation.

The State counters that there is ample evidence to support the trial court's decision and that Reed's failure to comply with probation conditions did not result solely from her financial circumstances. The record reflects that Reed failed to comply with several conditions of her probation. After making the first few restitution payments, Reed failed to make any further payments, despite her probation officer's advice that Reed at least make a nominal monthly payment as a good faith effort. In addition, Reed missed five New Start meetings, failing to obtain permission to do so prior to each absence. Reed also failed to adequately seek employment and obtain a job. The court also determined that Reed voluntarily failed to enforce support payments due her from her ex-husband. Reed had apparently agreed not to enforce support payments in return for her ex-husband's promise not to seek joint custody of the children.

Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take

the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *State v. Wagner*, 248 Kan. 240, 242, 807 P.2d 139 (1991). The court did not abuse its discretion in revoking Reed's probation.

The judgment of the Court of Appeals is reversed. The judgment of the district court is affirmed.