(894 P.2d 907)

No. 71,536

STATE OF KANSAS, *Appellee*, v. WALTER F. BINKLEY, *Appellant*.

Opinion filed April 28, 1995.

*Edward G. Collister, Jr.*, special appellate defender, and *Stephan R. Zinn*, deputy appellate defender, for the appellant.

*Jeff Elder*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before PIERRON, P.J., LEWIS, J., and CAROL BACON, District Judge, assigned.

BACON, J.: Walter Binkley entered a plea of guilty to his third offense of driving while under the influence arising out of an incident that occurred on September 29, 1993. He appeals his sentence, arguing the trial court erred in imposing a one-year sentence pursuant to K.S.A. 1993 Supp. 8-1567(f) rather than sentencing him under the Kansas Sentencing Guidelines Act, K.S.A. 1993 Supp. 21-4701 *et seq.*

K.S.A. 1993 Supp. 8-1567(f) provides that a third or subsequent conviction of driving while under the influence constitutes a severity level 9, nonperson felony, but also provides a sentence of not less than 90 days nor more than 1 year's imprisonment. Given Binkley's criminal history classification of H, the sentencing range under the guidelines for a 9-H felony is 6 to 8 months' imprisonment with presumptive probation. See K.S.A. 1993 Supp. 21-4704(a).

Binkley argues that the guidelines sentence controls because it is a later expression of legislative intent. The State responds that

K.S.A. 1993 Supp. 8-1567(f) should control because it is the more specific statute.

We note that this issue is not moot. A successful appeal here will affect the length of time Binkley will be on probation or the length of time he will serve if his probation is revoked. See *State v. Gonzales*, 255 Kan. 243, 244, 874 P.2d 612 (1994).

Determining the proper sentencing statute for Binkley's crime requires statutory interpretation, which is a question of law. We are not bound by the decision of the district court on questions of law. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

As a basic rule of statutory construction, "'[w]hen there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless it appears the legislature intended to make the general act controlling.' " *State v. Williams*, 250 Kan. 730, 736, 829 P.2d 892 (1992) (quoting *State v. Wilcox*, 245 Kan. 76, Syl. ¶ 1, 775 P.2d 177 [1989]).

A review of the statutes in question reveals that K.S.A. 1993 Supp. 8-1567(f) deals with those persons convicted of the specific crime of felony DUI while K.S.A. 1993 Supp. 21-4704(a) deals with all criminals convicted of nondrug felonies. For the crime of felony DUI, therefore, K.S.A. 1993 Supp. 8-1567(f) should control absent some indication that the legislature intended K.S.A. 1993 Supp. 21-4704(a) to control.

Binkley argues that the legislature has expressed an indication that the more general statute should control by adding language to the DUI statute regarding the severity level of a third or subsequent conviction. We agree with the general rule of statutory construction cited by Binkley that where an irreconcilable conflict exists between statutes, the later enactment will be held to supersede, repeal, or supplant the earlier by implication. See *Richards v. Etzen*, 231 Kan. 704, 707, 647 P.2d 1331 (1982). The penalty provision of 90 days to 1 year's imprisonment for a third or subsequent DUI offense was added in 1982, while the language denoting that offense a severity level 9, nonperson felony was added in 1993. According to the rule of construction cited by

Binkley, the 1993 amendment would arguably supplant the prior penalty provision.

Significantly, however, in the 1994 amendment to K.S.A. 8-1567(f), the legislature removed the language relating to the severity level of a third or subsequent DUI. Under the current amendment, therefore, the legislature has clearly expressed its intent that K.S.A. 8-1567(f) provides the appropriate sentence for a third or subsequent DUI conviction. See also K.S.A. 1994 Supp. 21-4704(i) ("The sentence for the violation of the felony provision of K.S.A. 8-1567 and amendments thereto shall be as provided by the specific mandatory sentencing requirements of that section and shall not be subject to the provisions of this section or K.S.A. 1994 Supp. 21-4707 and amendments thereto."). Although the 1994 amendment cannot be applied retrospectively to Binkley's crime, see *State v. Sutherland,* 248 Kan. 96, 106, 804 P.2d 970 (1991), we may look to the aggregate changes to the statute in 1993 and 1994 to discern what the legislature originally intended to accomplish with the 1993 amendment. Looking at the changes in the aggregate, it is apparent the legislature did not intend in 1993 to supplant the prescribed penal provision of K.S.A. 8-1567(f) with a penalty under the guidelines.

We decline to use the later enactment rule of construction in this case. The specific over the general rule of·construction is equally strong, if not stronger, in this case. Moreover, the 1994 legislature's subsequent striking of the language relating to severity level undercuts the argument that the language was intended to supplant the existing penalty provision.

We hold that the penalty provision for a conviction of felony driving while under the influence, K.S.A. 1993 Supp. 8-1507(f), is controlled by the specific mandatory sentencing requirements of that section and not the Kansas Sentencing·Guidelines Act. We affirm the sentence imposed by the district court.

Affirmed.