No. 85,956

STATE OF KANSAS, *Appellee*, v.
YOLANDA D. FERGUSON, *Appellant*.

(23 P.3d 891)

Opinion filed June 1, 2001.

*Nathan Webb*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: Yolanda D. Ferguson appeals the revocation of her probation and subsequent order to serve the underlying sentence. She contends the trial court did not have jurisdiction to revoke her probation under K.S.A. 2000 Supp. 21-4611(c) and (d), and her revocation was improperly based only on her inability to pay restitution.

On May 22, 1998, Ferguson was sentenced to 6 months in prison and the underlying sentence was suspended with the condition that she successfully complete 24 months' probation on her conviction of attempted forgery, a severity level 10 crime. See K.S.A. 21-3701; K.S.A. 21-3301(c). The probation terms required Ferguson to, among other things, pay $1,550 in $75 increments to the trial court the first of every month starting July 1, 1998, for restitution and other costs, report to the probation officer at the officer's request, submit to the testing of breath or bodily fluids as requested by the officer, and refrain from violating the law.

On August 11, 1999, the State requested and received a bench warrant which was issued to bring Ferguson before the court for a hearing on the State's motion to revoke her probation, but the record discloses no further action on this request. On May 5, 2000, the State filed a verified amended motion for revocation of probation where it alleged: (1) Ferguson had failed to report to the probation officer (PO) in June and July 1999, (2) Ferguson was $225 in arrears towards her restitution payments, (3) Ferguson had failed to report for drug screens on May 27 and June 7, 1999, and (4) Ferguson had been arrested for shoplifting on April 5, 2000.

On May 26, 2000, the trial court held a probation revocation hearing at which Ferguson appeared. She moved to dismiss, contending she was no longer on probation because the provisions of L. 2000, ch. 182, § 6, which had gone into effect the previous day, May 25, 2000, upon their publication in the Kansas Register, had retroactively reduced her probation period to 12 months from May 22, 1998. After argument, the trial court denied her motion.

Uncontroverted evidence was introduced through the PO's testimony of Ferguson's violations of (1) and (3) of the motion to revoke probation. The PO further testified that Ferguson had not made the restitution payment due on May 1, 1999, and no other payments between then and the date of the hearing. There was no evidence concerning the alleged shoplifting charge.

Ferguson testified but did not refute the State's evidence. She spoke of health problems and being unable to work full time. She said she had substantial hospital bills and was having trouble "making ends meet." The PO had earlier testified that Ferguson had been requested to substantiate her health problems but had not done so.

The trial court found that Ferguson had violated the conditions of her probation and revoked the probation. Ferguson was then ordered to serve her underlying sentence of 6 months with the Secretary of Corrections. Ferguson appealed and has been released on bond.

Ferguson first argues that the trial court lacked jurisdiction, under the newly amended statute, to revoke her probation. She contends that K.S.A. 2000 Supp. 21-4611(c) and (d) operate to ret-

roactively shorten her probation period to 12 months, ending May 22, 1999, thereby rendering the State's motions to revoke probation filed August 9, 1999, and May 5, 2000, untimely.

Whether jurisdiction exists to revoke probation is a question of law over which our scope of review is unlimited. *State v. Williams*, 20 Kan. App. 2d 142, 145, 884 P.2d 743 (1994).

In order to better understand Ferguson's argument, some statutory background must be given. Ferguson was convicted of attempted forgery, which is a severity level 10 crime. K.S.A. 21-3301; K.S.A. 21-3710. At the time Ferguson was sentenced, K.S.A. 1996 Supp. 21-4611(c) read as follows: "For all crimes committed on or after July 1, 1993, the recommended duration of probation in all felony cases is as follows: (1) For nondrug crimes: . . . (B) 24 months for crimes in crime severity levels 6 through 10." Ferguson was sentenced to 24 months' probation on May 22, 1998.

On May 25, 2000, an amendment to K.S.A. 1999 Supp. 21-4611 took effect. L. 2000, ch. 182, § 6. That amendment altered subsection (c) and created subsection (d), which now read as follows:

"(c) For all crimes committed on or after July 1, 1993, the duration of probation in felony cases sentenced for the following severity levels on the sentencing guidelines grid for nondrug crimes and the sentencing guidelines grid for drug crimes is as follows:

. . . .

(3) In felony cases sentenced at severity levels 9 and 10 on the sentencing guidelines grid for nondrug crimes and severity level 4 on the sentencing guidelines grid for drug crimes, if a nonprison sanction is imposed, the court shall order the defendant to serve a period of probation, or assignment to a community correctional services program as provided under K.S.A. 75-5291 *et seq.*, and amendments thereto, of up to 12 months in length.

. . . .

(5) If the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the length of the probation terms provided in subsections (c)(3) and (c)(4), the court may impose a longer period of probation. Such an increase shall not be considered a departure and shall not be subject to appeal.

. . . .

(7) . . . If the defendant is ordered to pay full or partial restitution, the period may be continued as long as the amount of restitution ordered has not been paid.

(8) The court may modify or extend the offender's period of supervision, pursuant to a modification hearing and necessity. Such extensions may be made for a maximum period of five years or the maximum period of the prison sentence that could be imposed, whichever is longer, inclusive of the original supervision term.

"(d) The provisions of subsection (c), as amended by this act, shall be applied retroactively. The sentencing court shall direct that a review of all persons serving a nonprison sanction for a crime in severity levels 8, 9 or 10 of the sentencing guidelines grid for nondrug crimes or a crime in severity levels 3 or 4 of the sentencing guidelines grid for drug crimes be conducted. *On or before September 1, 2000, the duration of such person's probation shall be modified in conformity with the provisions of subsection (c).*" K.S.A. 2000 Supp. 21-4611(c) and (d). (Emphasis added.)

Because the hearing on the motion to revoke took place 1 day after the amendments went into effect, Ferguson primarily relies on the language of 21-4611(d) that the "provisions of subsection (c), as amended by this act, shall be applied retroactively." Her argument is based on several presumptions, the failure of any one of which results in failure of her entire argument. First, she states that the duration of her probation under the new act should have only been 12 months in length. She is correct. As a severity level 10 nondrug felony offender, K.S.A. 2000 Supp. 21-4611(c)(3) would set the duration of her probation period at not more than 12 months under the 2000 amendment. K.S.A. 2000 Supp. 21-4611(c)(5) does not apply because the court did not set forth with particularly reasons for a longer period of probation.

Second, her presumption that the amendment is to have retroactive effect is correct, but not in the absolute sense. K.S.A. 2000 Supp. 21-4611(d) states, in part: "The provisions of subsection (c), as amended by this act, shall be applied retroactively." L. 2000, ch. 182, § 16 made the amendment of 21-4611 effective upon publication in the Kansas Register, which did take place the day preceding her hearing. However, 21-4611(d) further states: "The sentencing court shall direct that a review . . . be conducted. On or before September 1, 2000, the duration of such person's probation shall be modified in conformity with the provisions of subsection (c)." This clearly requires court action before the modification takes place.

Third, Ferguson assumes that at the effective date of the act, her probation was automatically reduced from 24 months to 12 months, thereby depriving the court of any jurisdiction to revoke her probation for prior violations. This presumption fails. Subsection (d) of the amended act states that sentencing courts have until September 1, 2000, to review and modify existing probation sentences. Contrary to Ferguson's argument, nothing in the amendment requires that prior nonprison sentences made in excess of the new requirements be immediately revoked and altered. Had such a result been intended by the legislature, the language to that effect would have to have been included in the act. The plain and unambiguous meaning of the statutory language must be followed. *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998).

Also, it is well established in Kansas that a trial court has jurisdiction to revoke probation as long as the proceedings are started before expiration of the probation term. *Williams*, 20 Kan. App. 2d 142, Syl. ¶ 1. Proceedings were started against Ferguson on both August 9, 1999, and May 5, 2000, during the pendency of her 24-month probation period and well before the effective date of K.S.A. 2000 Supp. 21-4611(c)(3). The requirement of (d), giving the trial court until September 1, 2000, to modify the probation duration, clearly means it is modified only after consideration by the court, which in this case resulted in the probation being revoked. The plain language of the amendment was properly applied.

Ferguson's argument that her probation was automatically reduced to 12 months also fails in light of the fact the order revoking her probation did in fact continue the 24-month probation period, which the trial court had authority to do.

In addition, the clear language of K.S.A. 2000 Supp. 21-4611(c)(7) states that where restitution is ordered, the probation period "may be continued as long as the amount of restitution ordered has not been paid." The record shows unpaid restitution. The probation period did not become 12 months under any reading of the amendment.

The trial court properly retained jurisdiction over Ferguson for the purposes of considering whether her probation should be revoked.

Ferguson's additional argument is that her probation was revoked for mere nonpayment of restitution, in violation of constitutional guarantees.

When we review the decision of a sentencing court to revoke probation after evidence of a violation is introduced, we normally overturn the lower court's actions only if there is abuse of discretion. *Swope v. Musser*, 223 Kan. 133, 136, 573 P.2d 587 (1977). It is an abuse of discretion when the court "automatically" revokes the probation due to nonpayment of restitution. See *City of Wichita v. Lucero*, 255 Kan. 437, 448-50, 874 P.2d 1144 (1994); *State v. Higgins*, 240 Kan. 756, 759-60, 732 P.2d 760 (1987); *State v. Duke*, 10 Kan. App. 2d 392, 393, 699 P.2d 576 (1985).

However, the record reveals several reasons beyond nonpayment of restitution were available for the trial court to revoke Ferguson's probation. Her case is similar to the facts upon which we decided *State v. Reed*, 254 Kan. 52, 865 P.2d 191 (1993). In *Reed*, the defendant argued that her probation was revoked solely for nonpayment of restitution without following the procedures set forth in *Duke*. Evidence was introduced in the lower court that the defendant had failed to pay restitution, had five absences from the New Start program, had failed to seek and obtain employment, and had made an agreement to forgo collection of support payments from her ex-husband so that he would not seek joint custody of their children. The trial court specifically noted in its ruling "Reed's failure to attend therapy, her failure to faithfully seek and obtain employment, and her failure to cooperate with SRS." 254 Kan. at 60. Using an abuse of discretion standard, we found that the trial court's revocation of Reed's probation was proper. We said: "*Duke* is distinguishable from the present case because here the trial court's decision was based upon more than just Reed's failure to make restitution." 254 Kan. at 60.

Here, there were several factors supporting the revocation of Ferguson's probation. Not only did she fail to make any payments due on or after May 1999, but she also failed to report for two required drug screens. In fact, she did not report for her monthly drug screens for the 12 months prior to her probation revocation hearing. In addition, she failed to report to her PO in June and

July of 1999. Further, when Ferguson told the PO that she was too sick to work full-time, she failed to comply with the PO's request for documentation of the alleged health problems. Clearly, we have alternate grounds to support the trial court's actions beyond mere nonpayment of restitution. The trial court did not abuse its discretion in revoking Ferguson's probation.

Affirmed.