NOT DESIGNATED FOR PUBLICATION

No. 113,180

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRACY F. PRIM,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; GREGORY L. WALLER, judge. Opinion filed February 19, 2016. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., SCHROEDER, J., and BURGESS, S.J.

*Per Curiam*:  Tracy Prim appeals the district court's order revoking his probation. He claims that the court abused its discretion by failing to adequately consider why he had violated his probation. The State responds that the district court was well within its discretion to revoke Prim's probation. Finding no error, we affirm the revocation.

In November 2012, pursuant to a plea agreement, Prim pled guilty to and was convicted of two counts of aggravated assault. When Prim failed to appear for sentencing in January 2013, the district court issued a warrant for his arrest. On August 1, 2013,

Prim appeared for sentencing and the district court sentenced him to 24 months' probation with consecutive underlying prison sentences totaling 42 months' imprisonment.

On August 29, 2013, Prim's intensive supervision officer (ISO) notified the district court that Prim had violated the terms of his probation by admitting to using crack cocaine and by failing to report for a scheduled office visit. The district court held a revocation hearing on September 18, 2013, at which Prim admitted the violations, and the district court therefore held that Prim had violated the terms of his probation. The court revoked and reinstated probation with modified conditions, including Prim remaining in custody until he could go into inpatient substance abuse treatment, completing that treatment, and maintaining a sober living environment after the treatment.

On November 13, 2013, Prim's ISO informed the court that Prim had again violated probation, this time by failing to make payments toward court costs, failing to report a contact with law enforcement, failing to report to a scheduled visit with his ISO, and failing to follow up on further treatment after his release from inpatient treatment. The district court held a revocation hearing on February 13, 2014, at which Prim admitted the violations and explained the circumstances to the court. Regarding his failure to pay court costs, Prim stated that he did not have sufficient income to make payments. The unreported contact with law enforcement was a result of his calling the police after his Vision card went missing, but because he declined to make an official police report, he did not believe he had to report the contact to his ISO. Prim claimed that his failure to follow up after completing inpatient treatment was due to his ADHD, which caused him to forget what he needed to do. He requested another chance at probation. For its part, the State asked the district court to impose the underlying sentence.

In response to the district court's questioning, Prim's ISO told the court that she had not seen Prim since the date of the last revocation hearing. The court expressed grave concern over the failure to report. The court held that Prim had violated the conditions of

his probation, so it revoked Prim's probation and ordered him to serve a prison sentence. The court did, however, modify the prison sentences so that Prim would serve them concurrently, resulting in 29 months' imprisonment. Prim timely appealed.

On appeal, Prim claims that the district court abused its discretion by revoking his probation. Instead of challenging the factual finding that he violated the terms of his probation, Prim argues that in light of his clear drug addiction and mental health issues, it was unreasonable for the district court to revoke probation and impose a prison sentence. Prim contends that his failure to follow the terms of probation was beyond his control.

Prim compares his case to *State v. Duke*, 10 Kan. App. 2d 392, 395, 699 P.2d 576 (1985), in which we held that automatic revocation and imprisonment of a probationer for failure to pay a fine or court costs or make restitution without consideration of the reason for the failure is unconstitutional. Prim contends that his drug addiction rendered him unable to comply with the terms of his probation just as poverty may render a probationer unable to make payments that were set as a term of probation. What Prim fails to acknowledge, however, is that we and our Supreme Court have already declined to extend *Duke* beyond the context of failure to make monetary payments. See, *e.g., State v. Reed*, 254 Kan. 52, 59-60, 865 P.2d 191 (1993); *State v. Golston*, No. 96,605, 2007 WL 2580603, at *3 (Kan. App. 2007) (unpublished opinion), *rev. denied* 285 Kan. 1175 (2008). Accordingly, *Duke* does not apply here, as the district court revoked Prim's probation for reasons other than his failure to pay court costs as ordered.

"Probation from serving a sentence under Kansas law is generally considered 'an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right.' [Citation omitted.]" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has established a violation of probation conditions, the decision to revoke lies within the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judge abuses his or her

3

discretion when the judicial action is (1) arbitrary, fanciful, or unreasonable; (2) based upon an error of law; or (3) based upon an error of fact. *State v. Dobbs*, 297 Kan. 1225, 1232, 308 P.3d 1258 (2013).

Here, Prim admitted that he violated the terms of his probation. As the district court noted, Prim's complete failure to meet with his ISO since the first revocation hearing caused special concern about Prim's ability to comply with probation conditions going forward. In addition, Prim failed to make payments toward court costs, failed to report contact with law enforcement, and failed to follow up on addiction treatment as required. The district court's decision to revoke probation and order Prim to serve a modified prison sentence was not arbitrary, fanciful, or unreasonable, nor was it based on an error of law or fact. Therefore, the district court did not abuse its discretion.

Affirmed.