(586 P 2d 288)
No. 49,638

STATE OF KANSAS, *Appellee,* v. WILLIAM ALLEN EKIS, *Appellant.*

Petition for review denied February 5, 1979.

Opinion filed November 9, 1978.

*Charles F. Forsyth,* of Erie, for appellant.

*David L. McLane,* assistant county attorney, *Michael McCurdy,* county attorney, and *Curt T. Schneider,* attorney general, for appellee.

Before FOTH, C.J., SPENCER and MEYER, JJ.

MEYER, J.: Appellant, William Allen Ekis (defendant), was convicted of aggravated battery, in violation of K.S.A. 21-3414. Defendant appeals from the conviction and from denial of his motion for a new trial.

Defendant's first stated issue is that the trial court committed reversible error in failing to have the requisite number of jurors called, examined, and passed for cause as required by K.S.A. 22-3411. K.S.A. 22-3411 reads as follows:

"In all felony trials, upon the request of either the prosecution or the defendant, the court shall cause enough jurors to be called, examined, and passed for cause before any peremptory challenges are required, so that there will remain sufficient jurors, after the number of peremptory challenges allowed by law for the case on trial shall have been exhausted, to enable the court to cause twelve jurors to be sworn to try the case."

Under the provisions of K.S.A. 22-3412 (aggravated battery

being a Class C felony), defendant was entitled to six peremptory challenges. K.S.A. 22-3412 also provides that the prosecution shall be allowed the same number of peremptory challenges as all the defendants. In this case, however, an insufficient number of veniremen appeared, and the state agreed to waive four of its six peremptory challenges. Appellant was permitted six peremptory challenges. He argues, however, that K.S.A. 22-3411, read with K.S.A. 22-3412, entitled him to a 24-juror array (passed for cause) from which to make his peremptory challenges. K.S.A. 22-3411 does not specifically state that 24 (or for that matter, any other number) must be qualified before the exercise of the peremptory challenges. To us it merely means that the trial court should qualify a sufficient number of jurors so that each party could exercise the peremptory challenges as indicated by K.S.A. 22-3412. We have noted the authority given by appellant but do not think it supports his argument; the cases cited turned on issues other than the proposition claimed by appellant.

While we are unable to locate any cases in this jurisdiction which are directly in point, the general rule appears contrary to appellant's contention:

"As a general rule a party or an accused cannot insist upon the attendance of all the veniremen directed to be summoned, nor demand the presence of the maximum number of jurors provided for by statute to be drawn or summoned. Accordingly, it has been held that it is proper to proceed without absent veniremen for whom attachments have been issued. As a general rule, although there is some authority to the contrary, a party or an accused is not entitled, in the absence of statute, to any particular number of the jury panel at the beginning of a trial. Underlying this rule is the fundamental principle that a party or an accused has no vested right to any particular juror or jurors; all that he can insist on is an impartial jury of the requisite number in his own case and, at the most, a substantial compliance with the statutes governing the selecting and summoning of jurors." 47 Am. Jur. 2d, Jury § 192, pp. 782-783 (1969).

An appellate court should disregard purely technical errors so long as they do not affect the substantial rights of the parties. The manner of the selection of the jury, in the instant case, did not deprive defendant of a fair trial by an impartial jury. We find defendant's first assignment of error is without merit.

Defendant claims that because one of the jurors was a client of the prosecutor, defendant's challenge for cause should have been sustained by the court. The record of the *voir dire* shows that the challenged juror owned a corporation with her husband. The juror stated that Mr. McCurdy was attorney for the family cor-

poration. When asked whether she considered the prosecutor to be her attorney, the juror again responded, "for the business." In response to questions by the court, she stated that such relationship with Mr. McCurdy would not affect her being a fair and impartial juror in the case. We note that the juror was not one of those persons contemplated in K.S.A. 22-3410(b), since she was not a client of the defendant or a person alleged to have been injured by the crime charged or the person on whose complaint the prosecution was instituted. Furthermore, in the instant case, although the county attorney, Michael F. McCurdy, signed the complaint, the case was tried by Mr. McLane.

Jurors' qualifications are within the trial court's discretion. *State v. Carpenter,* 215 Kan. 573, 577, 527 P.2d 1333 (1974), held:

"It is first the trial court which must be satisfied that the challenged jurors are free from bias and prejudice. The trial court's decision so finding will not be disturbed on appeal unless disqualification appears as a matter of law or abuse of discretion has been shown which we cannot find in this case."

It appearing in the instant case that the trial court satisfied itself by questioning the woman personally, we find that retention of this juror was within the sound discretion of the trial court. See *In re Estate of Minney,* 216 Kan. 178, 531 P.2d 52 (1975).

Defendant also contends that the trial court committed reversible error in overruling his challenges for cause. He complains that certain jurors refused to acknowledge they would give the defendant the presumption of innocence. Because of the seriousness of this contention, we have studied the record of the *voir dire* thoroughly, and conclude that most of the responses complained of were answers to defendant's improper hypothetical questions. The general trend of several of these questions was defendant's attempt to elicit response from the jurors as to how they would vote at that time. Subsequent questions directed to various jurors both by the defendant and by the court convinces us that all the jurors complained of considered the defendant to be innocent until proven guilty, except for the juror who was excused for cause by the court.

The selection of jurors is within the discretion of the trial court, and such discretion will not be reversed on appeal absent a showing of abuse of discretion. See *State v. Sagebiel,* 206 Kan. 482, 480 P.2d 44 (1971). We conclude there was no abuse of discretion by the trial court.

Defendant complains that the trial court erred in overruling his motion for new trial because of withheld exculpatory evidence. The state claims to have opened its entire file to defendant some months before trial, although it is unclear whether the file contained the evidence in question. The evidence to which defendant objects consisted of reports from the KBI laboratory concerning gunpowder residue on defendant's hands and fingerprints on certain shell casings. The defendant may not have known, prior to trial, about the examination of shell casings for fingerprints, but defendant was certainly aware that test swabs of his hands had been taken. Furthermore, defendant admits that he had the reports the morning of the trial. Evidence is not suppressed if defendant or his counsel has knowledge of exculpatory evidence either before or during trial. See *State v. Walker,* 221 Kan. 381, 383, 559 P.2d 381 (1977), in which the court states: "Evidence is not suppressed or withheld if the accused has knowledge of the facts or circumstances, or if the facts become available to him during trial."

We also note that the defendant, neither at the time the exhibits were handed him on the morning of trial nor at the time of their introduction into evidence, objected to the evidence or requested a continuance. Defendant stated in his brief, "In view of the trial court's determination to get the trial over with, a request for a continuance was a futile gesture."

We cannot assume that a motion for continuance would have been a futile gesture when defendant did not make such a motion. This is a bare assumption of defendant not borne out by the record, and defendant's allegation of error is without merit.

Finally, defendant argues there was insufficient evidence to support a verdict of guilty. We conclude there was ample evidence presented to the jury in this case to support their finding of guilt. The degree of evidence necessary to establish a motion for directed verdict was set forth in *State v. Adair,* 215 Kan. 54, 56, 523 P.2d 360 (1974):

"Where the sufficiency of evidence to sustain a conviction is raised on appeal the issue is not whether the evidence establishes guilt beyond a reasonable doubt but whether the evidence is sufficient to form the basis for a reasonable inference of guilt when viewed in a light most favorable to the state (*State v. Platz,* 214 Kan. 74, 519 P.2d 1097)."

See also *State v. Duncan,* 221 Kan. 714, 562 P.2d 84 (1977).

We conclude that the defendant received a fair trial.

Affirmed.