No. 60,576

STATE OF KANSAS, *Appellee*, v. THOMAS HELMS, *Appellant*.

(748 P.2d 425)

Opinion filed January 15, 1988.

*Martha J. Coffman*, assistant appellate defender, argued the cause, and *Benjamin C. Wood*, chief appellate defender, was with her on the briefs for the appellant.

*Philip W. Unruh*, special county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is a criminal action in which the defendant, Thomas Helms, was charged with rape and aggravated battery. The defendant appeals his convictions by a jury of one count of rape (K.S.A. 1986 Supp. 21-3502) and one count of aggravated battery (K.S.A. 21-3414).

J.M. was twelve years old at the time this incident occurred and was living with her mother in Anthony, Kansas. J.M. testified that the defendant arrived at her mother's house either late in the

evening on July 13 or early in the morning of July 14. The defendant forced his way into the house, pushed her down on the floor, pulled her nightgown up around her shoulders and rubbed her breasts, pulled her panties down, and played with her genitals by inserting his finger into her vagina. The defendant hit her at least one time. J.M.'s testimony was corroborated by Kenny Hodson, a lieutenant with the Anthony Police Department. Hodson testified that, between 12:30 a.m. and 2:00 a.m. on July 14, 1984, he saw a vehicle parked on the wrong side of the street in front of J.M.'s home. Hodson testified that he saw the vehicle pull away from the curb and that the driver was the defendant.

The defendant testified on his own behalf at trial, denying the charges against him and his presence at J.M.'s house on the night in question. In addition to the two offenses charged, the jury was instructed as to the lesser included offenses of indecent liberties with a child and battery. The defendant was sentenced to a term of imprisonment of ten to thirty-five years on the rape count, and a term of five to fifteen years on the aggravated battery count. The sentences for the two counts were set to run concurrently.

In the present appeal, the defendant presents two issues. He first contends that, in the present case, indecent liberties with a child (K.S.A. 1986 Supp. 21-3503) is a "more specific" statute than rape (K.S.A. 1986 Supp. 21-3502) and, therefore, indecent liberties with a child provides the exclusive basis upon which he may be charged, convicted, and punished. Thus, according to defendant's argument, the complaint was defective because it charged him with the more general crime of rape rather than a violation of the specific crime of indecent liberties with a child. Defendant cites no authority to support his contention, and we have found none.

It is true that a special statute prevails over a general statute unless the court finds that the legislature intended that the general act controls. *Seltmann v. Board of County Commissioners*, 212 Kan. 805, 811, 512 P.2d 334 (1973); *State v. Wilson*, 11 Kan. App. 2d 504, 728 P.2d 1332 (1986). In *Seltmann*, the court defined the terms general and specific statutes: " 'A statute which relates to persons or things as a class is a general law, while a statute which relates to particular persons or things of a

class is special.' " 212 Kan. at 810 (quoting 82 C.J.S., Statutes § 163, p. 277). We note that neither *Seltmann* nor *Wilson* is factually similar to the present case. In *Seltmann*, the issue was which of two statutes should be followed by the county in order to build a proposed medical clinic. In *Wilson*, the defendant was charged and convicted of two counts of presenting a false claim and presentment of claims not incurred. The convictions were based upon the same act of wrongdoing.

It is true, as defendant points out, that indecent liberties with a child contains an element not required to establish the crime of rape. In indecent liberties with a child, the State must prove that the victim was under sixteen years of age. But it is also true that the crime of rape contains elements not present within the crime of indecent liberties with a child. To establish rape, the State must establish that the victim did not consent to the act of sexual intercourse. The nonconsensual sexual intercourse must be shown to have occurred under specific, designated circumstances, among which is the overcoming of the victim by force or fear. K.S.A. 1986 Supp. 21-3502(1)(a). Rape is limited only to acts of sexual intercourse, while indecent liberties with a child includes a wide variety of sexual acts.

Thus, defendant's argument that indecent liberties with a child is a "more specific" crime within the general crime of rape is not persuasive. Although both crimes may be coincidentally present in the same set of factual events, the two crimes are directed at different actions. Indecent liberties with a child punishes sexual intercourse or lewd fondling with a victim under sixteen years of age. The crime of rape punishes persons committing an act of sexual intercourse with a nonconsenting victim whose resistance is overcome by force or fear. We conclude that indecent liberties with a child is not more specific than rape in dealing with an illicit act of sexual intercourse.

In addition, this court has implicitly rejected the argument now advanced by defendant Helms. In *State v. Coberly*, 233 Kan. 100, 661 P.2d 383 (1983), this court concluded that, in a given case, the crime of indecent liberties with a child might be a lesser included crime of the crime of rape. In such cases, the court held that the evidence might "support a conviction of either, but not both." 233 Kan. at 108. We rejected the defend-

ant's argument that he could be punished only on the basis of indecent liberties with a child, and could not be convicted of rape, stating: "Here both crimes were charged and the jury was fully instructed concerning indecent liberties with a child and rape. The defendant was found guilty of both. There is no doubt the jury found the defendant guilty of the more serious crime of rape." 233 Kan. at 109. In *Coberly*, we found that, under the factual circumstances existing in the case, the crime of indecent liberties with a child was a lesser included offense of the crime of rape, and that the defendant could not be convicted of *both* crimes. However, while the defendant could not be convicted of both crimes, he could be punished under either the crime of rape or the crime of indecent liberties with a child. Because there was no doubt that the evidence in the case established that the defendant had committed the crime of rape, the court merely voided the defendant's conviction of indecent liberties with a child, and affirmed the defendant's conviction of rape. In so doing, this court implicitly rejected a view which treats indecent liberties with a child as a "more specific" crime than the crime of rape and the exclusive statute under which a defendant in such cases may be prosecuted. In the present case, the jury, as instructed by the court, could have found the defendant guilty of rape or the lesser included offense of indecent liberties with a child. That was a proper instruction based upon our holding in *Coberly*. The defendant was found guilty of rape, and that result was what this court approved in *Coberly*.

Finally, we note that the rule that a more specific statute should prevail over the general statute is merely a rule of interpretation which is used to determine which statute the legislature intended to be applied in a particular case and has no application in the present case. See *Seltmann*, 212 Kan. at 811. If it were to apply in the present case, the rule as a means of determining legislative intent must yield where there is a clear indication that the legislature did not intend for one statute to be the exclusive mechanism for punishing a given activity. The necessary result of the defendant's argument is that an individual who rapes a person under the age of sixteen years may not receive the punishment he would receive were he to have raped an adult. Such an interpretation accords to persons under the age

of sixteen less protection than adults. The view that indecent liberties with a child provides the exclusive means of punishment for any individual who commits any sexual crime against a minor flies in the face of logic and reason. It requires an assumption that the legislature intended to afford less protection to the most vulnerable segment of our society.

As part of his first issue, defendant contends that, if we reject his argument that the complaint was defective, we must find, based upon our holding in *Coberly*, that the crimes of rape and indecent liberties with a child are identical. Therefore, he can be sentenced only under the lesser crime of indecent liberties with a child. The defendant cites *State v. Clements*, 241 Kan. 77, 734 P.2d 1096 (1987), as authority for requiring that he be resentenced. We do not agree. In *Clements*, we held that the crime of aggravated sodomy was identical to indecent liberties with a child as defined in K.S.A. 1984 Supp. 21-3503(1)(b), and that the defendant must be sentenced under the lesser offense of indecent liberties. In *Coberly*, we held that, under the particular facts of that case, proof of the rape necessarily proved the crime of indecent liberties with a child and was, therefore, a lesser included crime under K.S.A. 21-3107(2)(d). 233 Kan. at 108. We did not find that rape and indecent liberties with a child are identical crimes. Each requires proof of an element not required in the other. Rape requires proof that the victim did not consent to sexual intercourse; indecent liberties does not. Indecent liberties requires proof that the victim was under sixteen years of age; rape does not. The elements of the two offenses are not the same and we, therefore, conclude they are not identical offenses.

The second issue asserted on appeal is whether the trial court erred in not granting a mistrial. The defendant essentially argues that discharging the first juror after the jury had been empaneled and sworn required the trial court to declare a mistrial, and that the judge's failure to do so was an abuse of discretion.

The jury in the present case was empaneled and sworn on the morning of December 16, 1986, and the court then recessed for lunch. After the lunch recess, one of the jurors selected informed the court that she realized during lunch that she bowled with the defendant's mother. The juror stated that she might have some trouble sitting in the case because she knew the defendant's

mother. The defense attorney informed the court he had no objection to the juror's remaining on the jury. The juror was dismissed from the jury panel, and the defense moved for a mistrial. The attorney for the defendant stated that he opposed replacing her with a juror selected from the next four or five people from the jury roll, but thought that such a procedure would be a better practice than picking up four or five people from off the street.

Four persons were called from the jury roll; three had remained after voir dire was conducted. The State exercised a peremptory challenge, while the defendant did not. Of the two remaining jurors, one was designated to replace the juror discharged and the other was designated as an alternate. On the second day of the trial, another juror informed the court that she would have difficulty rendering an impartial verdict because of her knowledge of many of the witnesses in the case. She was replaced on the jury by the remaining alternate juror and she remained as an alternate juror until the case was submitted to the jury, at which time she was excused.

Defendant objects to the procedure by which the alternate jurors were selected. He contends that the district court was required to grant a mistrial after excusing the first juror. We find no merit in the defendant's argument.

The essence of defendant's argument is that the district court erred because it selected the alternate jurors after the first juror had been excused. Thus, the two additional jurors selected were not alternates designated to serve if jurors "become" unavailable. Under defendant's interpretation of the statute, alternate jurors may be selected as replacements only for jurors who prospectively become unavailable after the selection of the alternate jurors.

K.S.A. 1986 Supp. 22-3412(3) provides, in part:

"Immediately after the jury is empaneled and sworn, a trial judge may empanel one or more alternate or additional jurors whenever, in the judge's discretion, the judge believes it advisable to have such jurors available to replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable to perform their duties. Such jurors shall be selected in the same manner, have the same qualifications, and be subject to the same examination and challenges and take the same oath and have the same functions, powers and privileges as the regular jurors. Each party shall be entitled to one peremp-

tory challenge to such alternate jurors. Such alternate jurors shall be seated near the other jurors, with equal power and facilities for seeing and hearing the proceedings in the case, and they must attend at all times upon the trial of the cause in company with the other jurors. They shall obey the orders of and be bound by the admonition of the court upon each adjournment, but if the regular jurors are ordered to be kept in custody during the trial of the cause, such alternate jurors also shall be kept in confinement with the other jurors."

The statute makes no distinction between jurors who have been excused prior to the selection of the alternate or additional jurors and jurors who are excused after the alternate or additional jurors have been selected. The statute contains two time requirements, both of which were complied with by the district court in the present case.

First, K.S.A. 1986 Supp. 22-3412(3) provides that alternate or additional jurors may be selected "to replace jurors who, *prior to the time the jury retires to consider its verdict*, become or are found to be unable to perform their duties." (Emphasis added.) In the present case, the fact that the one juror was excused prior to the selection of the alternate jurors is not critical. The requirement of K.S.A. 1986 Supp. 22-3412(3) was met because the alternate juror replaced a juror who was found to be unable to perform her duties prior to the time the jury retired to consider its verdict.

The second time requirement is that the selection of alternate or additional jurors occur "[i]mmediately after the jury is empaneled and sworn . . . ." In the present case, the original twelve-person jury was empaneled and sworn on the morning of December 16, 1986. The jury was then excused for the lunch recess. Immediately after the recess, the juror reported her acquaintance with the defendant's mother. The first juror was excused and the district court immediately proceeded to a voir dire of four additional persons from the jury list. The alternate jurors were empaneled and sworn on the afternoon of December 16, 1986. The selection of the alternate jurors occurred prior to the presentation of any evidence and prior to opening argument by counsel.

The decision to declare a mistrial, discharge a juror, or select additional or alternate jurors lies within the sound discretion of the trial court. *State v. Hollis*, 240 Kan. 521, 731 P.2d 260 (1987); *State v. Haislip*, 237 Kan. 461, 701 P.2d 909, *cert. denied* 474

U.S. 1022 (1985); *State v. Folkerts*, 229 Kan. 608, 629 P.2d 173 (1981); *State v. Heck*, 8 Kan. App. 2d 496, 661 P.2d 798 (1983). The defendant has the burden of showing the substantial prejudice necessary to a finding that the court abused its discretion. *State v. Massey*, 242 Kan. 252, 747 P.2d 802 (1987); *State v. Bagby*, 231 Kan. 176, 642 P.2d (1982).

In *Folkerts*, we stated:

"Our statute K.S.A. 22-3412(3) is similar to F.R.Cr.P. 24(c) and under the federal cases it is well established that the substitution of an alternate for a juror for reasonable cause is within the prerogative and discretion of the trial court. *United States v. Ellenbogen*, 365 F.2d 982 (2nd Cir. 1966), *cert. denied* 386 U.S. 923 (1967). See also 2 Wright, Federal Practice and Procedure: Criminal § 388, and Annot., 10 A.L.R. Fed. 185." 229 Kan. at 616.

In *Heck*, the court stated:

"The selection of jurors is within the discretion of the trial court, and such discretion will not be reversed on appeal absent a showing of abuse of discretion. *State v. Ekis*, 2 Kan. App. 2d 658, 660, 586 P.2d 288 (1978), *rev. denied* 225 Kan. 846 (1979). In *Ekis* this court also restated the well-accepted rule found in 47 Am. Jur. 2d, Jury § 192, p. 783, that it is '[a] fundamental principle that a party or an accused has no vested right to any particular juror or jurors; all that he can insist on is an impartial jury of the requisite number in his own case and, at the most, a substantial compliance with the statutes governing the selection and summoning of jurors.' " 8 Kan. App. 2d at 504.

In the case at bar, the trial court acted promptly in selecting and empaneling the alternate jurors and substantially complied with the provisions of K.S.A. 1986 Supp. 22-3412(3). In addition, the defendant fails to show any prejudice resulting from the discharge of the two jurors and the empaneling of the alternate jurors, and we find none. The actions of the trial court were reasonable and did not constitute an abuse of discretion.

The judgment of the trial court is affirmed.