COURT OF APPEALS OF VIRGINIA

Present:   Judges Annunziata, Frank and McClanahan
Argued at Chesapeake, Virginia


PATRICK THOMAS WOLFE

v.        Record No. 1197-03-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROSEMARIE ANNUNZIATA
APRIL 13, 2004


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Jr., Judge

Michael A. Robusto (Slipow, Robusto & Kellam, on brief), for
appellant.

Virginia B. Theisen, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Patrick Thomas Wolfe appeals his conviction for felony child abuse and neglect.  Wolfe

was arrested on November 22, 2002, for driving his vehicle erratically.  Wolfe's four-year-old

son was a passenger in the car when police stopped the vehicle and arrested Wolfe.  Wolfe was

subsequently charged with driving under the influence of alcohol (DUI) in violation of Code

§ 18.2-266, refusing to submit to a breathalyzer test in violation of City of Virginia Beach Code

§ 21-338.3, leaving the scene of an accident with damage to unattended property valued at less

than $250 in violation of City of Virginia Beach Code § 21-496, and felony child abuse and

neglect in violation of Code § 18.2-371.1(B).  Wolfe pled guilty to DUI, refusal to submit to a

breathalyzer test, and leaving the scene of an accident.  He agreed to a bench trial on the charge

of child abuse and neglect.  The trial court convicted Wolfe of child endangerment, and this

appeal followed.

I. Background

On appeal, we review the evidence, and all reasonable inferences that may be drawn from that evidence, in the light most favorable to the Commonwealth as the party prevailing below. Garcia v. Commonwealth, 40 Va. App. 184, 189, 578 S.E.2d 97, 99 (2003). So viewed, the evidence establishes that in the late afternoon of November 22, 2002, Dawn Craddock saw a blue Geo automobile being driven erratically in the City of Virginia Beach. Craddock observed the car drive onto the curb and strike lampposts, hitting one with such force that the globe at the top of the post crashed to the sidewalk. The car lost a hubcap and part of its bumper; the impact also blew out one of the front tires. Craddock reported the incident to the police.[1] When officers C.W. Wilburn and R.W. Cheatham responded, they found the car engine still running. Wilburn parked her car behind the vehicle and approached the driver; Wolfe was behind the wheel and his son was in a child safety seat in the front passenger position.

Wolfe's speech was incoherent and peppered with profanity. His skin was flushed and his eyes watery and bloodshot. Both officers smelled a very strong odor of alcohol. The efforts of both officers were needed to remove Wolfe from the car. Once outside, Wolfe staggered and could not stand without assistance.

The child sat loosely in a child safety seat without any visible restraining straps across his body. After the child was removed from the vehicle, one of the officers removed the child safety seat; it was not strapped to the car or secured in any fashion. Cheatham saw a bottle of alcohol in the front seat between the driver's seat and the center console. It was open and nearly empty.

At trial, Wolfe pled guilty to one count of driving under the influence, one count of refusing a breathalyzer test, and one count of leaving the scene of an accident with damage to unattended property worth less than $250. On his plea of not guilty to the charge of felony child

---

[1] Craddock did not testify at the trial. Rather, her testimony was entered by stipulation.

abuse and neglect, Wolfe was convicted in a bench trial and sentenced to two years in prison, all but 30 days suspended.

In his motion to strike made at the conclusion of the Commonwealth's evidence, Wolfe unsuccessfully argued that the Commonwealth was prohibited from prosecuting him for felony child abuse and neglect under Code § 18.2-371.1(B), based upon his act of transporting his son while driving under the influence, because Code § 18.2-270(D) provides a specific penalty for a person driving under the influence who has a passenger 17 years of age or younger. Thus, Wolfe argued, Code §§ 18.2-266 and 18.2-270 constituted the exclusive avenue of prosecution under the facts of this case. Wolfe raises the same argument on appeal. For the following reasons, we affirm the decision of the trial court.

## II. Analysis

Under settled law, proceeding under one or another criminal statute is a matter of prosecutorial election. Mason v. Commonwealth, 217 Va. 321, 323-24, 228 S.E.2d 683, 684 (1976); Smith v. Commonwealth, 17 Va. App. 37, 41, 434 S.E.2d 914, 916 (1993).

> In the ordinary case, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."

United States v. Armstrong, 517 U.S. 456, 464 (1996) (quoting Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)); see also Buchanan v. Commonwealth, 238 Va. 389, 397, 384 S.E.2d 757, 762 (1989) ("The Commonwealth is free to indict an individual for as many separate crimes as the Commonwealth, in good faith, thinks it can prove.").

Wolfe asserts, however, that the General Assembly effectively removed the act of transporting a minor in a motor vehicle while under the influence of alcohol from the ambit of the child abuse and neglect statute because the DUI statute provides a specific penalty for such

an act. He thus reasons that the Commonwealth was limited to prosecuting him under the DUI statute. We disagree.

In support of his argument, Wolfe relies exclusively on this Court's decision in McFadden v. Commonwealth, 3 Va. App. 226, 348 S.E.2d 847 (1986). We find Wolfe's reliance on McFadden misplaced.

In McFadden, this Court considered a defendant's challenge to her conviction for attempted oral sodomy. Id. at 227, 348 S.E.2d at 847. The defendant was previously convicted of prostitution on the same facts. Id. The Commonwealth based the subsequent prosecution for attempted oral sodomy on the general criminal attempt statute, Code § 18.2-26. Id. The Court found that defendant's conviction for attempted oral sodomy was improper because attempts to commit oral sodomy in exchange for money were wholly included within the prostitution statute, Code § 18.2-346, by legislative amendment which specifically removed attempted oral sodomy in exchange for money from the felony sodomy statute and incorporated it into the prostitution statute. Id. at 230, 348 S.E.2d at 849.

The circumstances of the present case are distinguishable from those addressed in McFadden. First, the legislature has not incorporated by reference the offense of felony child abuse and neglect into the DUI statute. Unlike the prostitution statute addressed in McFadden, which specifically cross-references the crime of oral sodomy, see Code §§ 18.2-346 and 18.2-361, no reference whatsoever is made to the crime of felony child abuse and neglect in Code § 18.2-270; Code § 18.2-270(D) simply provides an additional penalty for driving under the influence "while transporting a person seventeen years of age or younger."[2] Second, Code

---

[2] Code § 18.2-270(D), which is titled "Penalty for driving while intoxicated," stated:

> In addition to the *penalty* otherwise authorized by this section . . .,
> any person convicted of a violation of § 18.2-266 committed while
> transporting a person seventeen years of age or younger shall be (i)

- 4 -

§ 18.2-270 does not include within its parameters the elements of the child abuse and neglect offense, and Code § 18.2-266 does not require proof of those elements for a conviction of DUI. See Code § 18.2-371.1(B)[3]; cf. McFadden, 3 Va. App. at 229-30, 348 S.E.2d at 849.

The meaning of the legislative action may be easily discerned from the plain language of the statute. "The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424-25 (1992). Code § 18.2-270(D) speaks only to an enhanced penalty, not a new offense. A review of the language of the DUI statutes discloses that the legislature intended nothing more than to enhance the penalty for the crime of DUI where transportation of a minor is involved. Nothing in the statute indicates that the General Assembly intended to augment the DUI offense by including the felony child abuse and neglect elements within its ambit. Furthermore, nothing supports the converse, viz., that the legislature intended to substitute the DUI offense, the elements of which are entirely distinguishable, for the child abuse and neglect offense set forth in Code § 18.2-371.1(B). Accordingly, we find that the legislature did not preclude prosecution for

---

fined an additional minimum of $500 and not more than $1000 and
(ii) sentenced to perform forty hours of community service.

(Emphasis added). After Wolfe's conviction, the legislature amended Code § 18.2-270(D) to provide for a mandatory, minimum period of confinement of five days in lieu of the forty hours of community service.

[3] Code § 18.2-371.1(B) provided:

Any parent, guardian, or other person responsible for the care of a child under the age of eighteen whose willful act or omission in the care of such child was so gross, wanton and culpable as to show a reckless disregard for human life shall be guilty of a Class 6 felony.

By amendment in 2003, the above language was redesignated as Code § 18.2-371.1(B)(1).

felony child abuse and neglect under Code § 18.2-371.1(B) when it provided an enhanced punishment for driving under the influence "while transporting a person seventeen years of age or younger." We therefore find that the prosecution of Wolfe for felony child abuse and neglect was a valid exercise of the Commonwealth's prosecutorial discretion, and we affirm his conviction.

<u>Affirmed.</u>