(186 P.3d 826)
No. 97,955

STATE OF KANSAS, *Appellant*, v. NICOLE LYNN COTT, *Appellee*.

Opinion filed June 27, 2008.

*Jamie L. Karasek*, assistant district attorney, *Robert D. Hecht*, district attorney, and *Paul J. Morrison*, attorney general, for appellant.

*Kevin P. Shepherd*, of Topeka, for appellee.

Before HILL, P.J., ELLIOTT and PIERRON, JJ.

ELLIOTT, J.: The State appeals the trial court's dismissal of a charge of aggravated endangering of a child, claiming the court erred in finding K.S.A. 2005 Supp. 8-1567(h) preempted the endangerment statute because it was more specific. Appellee Nicole Cott claims the State's appeal is frivolous. We reverse and remand.

Cott was stopped on suspicion of driving under the influence (DUI); her 4-year-old son was in the car with her. Cott failed field sobriety tests, was arrested, and failed a breathalyzer test.

Cott was charged with DUI, no liability insurance, failure to maintain a single lane, and no seat belt; she pled no contest to those charges but was later allowed to withdraw that plea.

But in response, the State dismissed the case and refiled it, adding a count of aggravated endangerment of a child and a count of following too closely.

At the preliminary hearing, the trial court dismissed the aggravated endangerment charge, ruling "the more specific 8-1567(h) would trump K.S.A. 21-3608a."

We issued a show cause order requesting Cott to explain why the appeal should not be dismissed under *State v. Rios*, 19 Kan. App. 2d 350, 869 P.2d 755 (1994). Based on the appellate briefs

filed, the State and Cott agree that *Rios* "is inapplicable in appeals taken under K.S.A. 22-3602(b)."

We have jurisdiction to reach the merits of the appeal.

The question before us is whether the trial court erred in dismissing the aggravated endangering charge because the DUI statute is more specific.

We need not belabor the hornbook teaching that when there is a conflict between a statute dealing generally with a subject, the specific statute controls unless it appears the legislature intended to make the general act controlling. *State v. Williams*, 250 Kan. 730, 736, 829 P.2d 892 (1992).

Whether a statute is more specific than another presents a question of law; our scope of review is unlimited, and we are not bound by the trial court's interpretation. See *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

The two statutes at issue here do not appear to be similar at first blush. K.S.A. 2005 Supp. 8-1567 prohibits driving under the influence. K.S.A. 2005 Supp. 21-3608a(1) prohibits recklessly causing or permitting a child under 18 years old to be placed in a situation where the child's life or health is endangered.

It is the sentencing enhancement amendment to K.S.A. 8-1567 which has created the issue in the present case. K.S.A. 2005 Supp. 8-1567(h) provides:

"Any person convicted of violating this section or an ordinance which prohibits the acts that this section prohibits who had a child under the age of 14 years in the vehicle at the time of the offense shall have such person's punishment enhanced by one month of imprisonment."

Neither the State nor Cott provides legislative history or evidence of what the legislature intended when it added the sentencing enhancement provision to the statute. And we have found no legislative history to support the position of either party.

This is a close case. There is no conflict between K.S.A. 2005 Supp. 8-1567 and K.S.A. 2005 Supp. 21-3608a(1). One statute makes driving under the influence a punishable offense, and the other makes recklessly placing a child in harm's way a punishable offense. Neither prevents the application of the other.

The rub comes, however, because it is clear the legislature intended to create a specific punishment for a person violating K.S.A. 2005 Supp. 8-1567 while a child is in the car: the sentence is enhanced by a month.

Since this issue is apparently one of first impression everywhere except Virginia, we shall spend some time studying the Virginia case.

The facts of *Wolfe v. Commonwealth*, 42 Va. App. 776, 595 S.E.2d 27 (2004), are essentially the same as those with which we deal in the present case.

In *Wolfe*, a driver was charged with both driving under the influence and child abuse and neglect because his 4-year-old child was in the car at the time. He pled guilty to the DUI and received an enhanced penalty because the child was in the car at the time. He was later found guilty of the child abuse charge based on the same facts presented in support of the sentencing enhancement for the DUI charge. On appeal, Wolfe argued "the Commonwealth was prohibited from prosecuting him for felony child abuse and neglect . . . based upon his act of transporting his son while driving under the influence because [the DUI statute] provides a specific penalty for a person driving under the influence who has a passenger 17 years or younger." 42 Va. App. at 779.

The Virginia Court of Appeals disagreed, holding: "Nothing in the statute indicates that the General Assembly intended to augment the DUI offense by including the felony child abuse and neglect elements within its ambit. Furthermore, nothing supports the converse." 42 Va. App. at 782. The Virginia court found the issue of choosing which statute to charge to be a matter of prosecutorial discretion. 42 Va. App. at 782.

Virginia, like Kansas, recognizes that " 'when one statute speaks to a subject generally and another deals with an element of that subject specifically, the statutes will be harmonized, if possible, and if they conflict, the more specific statute prevails.' " *Powell v. Commonwealth*, 261 Va. 512, 544, 552 S.E.2d 344 (2001) (quoting *Commonwealth v. Brown*, 259 Va. 697, 706, 529 S.E.2d 96 [2000]).

We read *Wolfe* to clearly hold the two statutes to be compatible. We adopt the holding and rationale of *Wolfe*.

In the present case, Cott offers no case law to explain why we should hold that the use of the DUI sentencing enhancement should preclude the State from charging child endangerment.

At the preliminary hearing in the present case, the State argued subsection (h) of K.S.A. 2005 Supp. 8-1567 cannot be charged in a complaint. That is not a totally accurate statement. We are aware of at least one Kansas case where the prosecutor charged a defendant with driving under the influence with a child under the age of 14 in the car. See *State v. Rodriguez*, No. 93,562, unpublished opinion filed March 17, 2006.

We hold K.S.A. 2005 Supp. 8-1567(h) and K.S.A. 2005 Supp. 21-3608a to be compatible; choosing which statute to charge is a matter of prosecutorial discretion.

Cott argues the State's appeal is frivolous and a waste of time. We find it to be neither. Our Supreme Court has found no prosecutorial vindictiveness where a prosecutor dismisses lesser charges after a plea withdrawal only to then file more serious charges. See *State v. Smallwood*, 264 Kan. 69, 77-78, 955 P.2d 1209 (1998).

Cott also asks us to assess all speedy trial time against the State pursuant to K.S.A. 22-3402(2). On remand, the trial court can properly determine if a speedy trial issue exists should the State decide to refile all charges.

We reverse and remand. Should the State choose to refile charges, a new preliminary hearing shall be held.