No. 97,955

STATE OF KANSAS, *Appellee*, v. NICOLE LYNN COTT, *Appellant*.

(206 P.3d 514)

Opinion filed May 1, 2009.

*Kevin P. Shepherd,* of Topeka, argued the cause and was on the briefs for appellant.

*Chadwick Taylor,* district attorney, argued the cause, and *Jamie L. Karasek,* assistant district attorney, *Robert D. Hecht,* former district attorney, *Paul J. Morrison,* former attorney general, and *Stephen N. Six,* attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

ROSEN, J.: The defendant, Nicole Lynn Cott, was arrested for driving under the influence of alcohol (DUI) and was charged un-

der K.S.A. 2005 Supp. 8-1567(a), (d). She was also charged with counts of no liability insurance, failure to maintain a single lane, and no seat belt. She entered a guilty plea to the DUI charge but was later allowed to withdraw the plea. The State then recharged Cott in a complaint including the same four counts plus a count of following too closely and a count of aggravated endangering a child under K.S.A. 2005 Supp. 21-3608a(a)(1), a severity level 9 person felony.

At the preliminary hearing on the felony charge, Trooper Nicholas Wright testified that after observing Cott commit several traffic violations, he stopped her and subsequently arrested her for DUI. He also testified that, at the time of the stop, Cott's 4-year-old son was in the car with her. The boy was asleep in the front seat and was not in any kind of child safety seat, but the trooper could not remember whether he was wearing a seat belt. The Intoxilyzer 5000 test subsequently administered to the defendant showed that she had an alcohol concentration of .147 grams of alcohol per 210 liters of breath.

Following the presentation of evidence, the attorney for the defendant argued the provision found in K.S.A. 2005 Supp. 8-1567(h) that enhances the sentence for DUI when a child of less than 14 years of age is in the car made the two charges against the defendant, DUI and endangering a child, multiplicitous. The State responded that the test for multiplicity is whether each offense requires proof of an element not required by the other offense. Further, the State argued that the sentence enhancement provision is not a part of the "actual offense" and is, therefore, not an element of the crime at all. The district court dismissed the felony count, reasoning that the charge of endangering a child was based upon the principal underlying offense of DUI so that "the more specific 8-1567(h) would trump K.S.A. 21-3608a." The State subsequently requested and the court granted a dismissal of the remaining misdemeanor counts in order to perfect this appeal.

Although the parties framed their arguments to the trial court in terms of multiplicity, the district court's decision to dismiss the felony count of child endangerment was based on the court's conclusion that K.S.A. 2005 Supp. 8-1567(h) dealt more specifically

with the conduct at issue in this case than did the felony provisions of K.S.A. 2005 Supp. 21-3608a, precluding the prosecution from charging the defendant with the more general crime. The trial court interpreted the State's theory of the case to be that "the principal underlying offense for the aggravated endangering a child is the fact that she was driving under the influence of alcohol which would constitute reckless conduct given the fact the child was in the car."

On appeal, the Court of Appeals, noting that the issue was one of first impression everywhere except Virginia, considered the Virginia case of *Wolfe v. Commonwealth*, 42 Va. App. 776, 595 S.E.2d 27 (2004). The Court of Appeals observed that Virginia, like Kansas, recognizes that when one statute speaks to a subject specifically and conflicts with another that deals with the subject generally, the specific statute will apply. The court read the Virginia case to suggest the two statutes at issue here are "compatible" and adopted the holding and rationale of *Wolfe. State v. Cott*, 39 Kan. App. 2d 950, 952, 186 P.3d 826 (2008).

Whether one statute precludes application of another is an issue of statutory interpretation ultimately involving the determination of legislative intent. Interpretation of a statute is a question of law, and an appellate court's standard of review of a lower court's statutory interpretation is unlimited. *State v. Ruiz-Reyes*, 285 Kan. 650, 653, 175 P.3d 849 (2008).

K.S.A. 2005 Supp. 8-1567(h) is a sentence enhancement provision that requires an extra 30 days be added to the sentence of an individual convicted of driving under the influence of alcohol or drugs if a child under the age of 14 years was in the car at the time of the offense. The portions of K.S.A. 2005 Supp. 8-1567 relevant to this issue are:

"(a) No person shall operate or attempt to operate any vehicle within this state while:

(1) The alcohol concentration in the person's blood or breath as shown by any competent evidence . . . is .08 or more;

. . . .

"(h) Any person convicted of violating this section or an ordinance which prohibits the acts that this section prohibits who had a child under the age of 14 years

in the vehicle at the time of the offense shall have such person's punishment enhanced by one month of imprisonment."

K.S.A. 2005 Supp. 21-3608a(a)(1) defines aggravated child endangerment and provided at the time of the offense:

"(a) Aggravated endangering a child is:

(1) Intentionally and recklessly causing or permitting a child under the age of 18 years to be placed in a situation in which the child's life, body or health is injured or endangered."

The finding by the Court of Appeals that the statutes are compatible reflects the general rule of statutory construction that when there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless the legislature intends to make the general act controlling. In other words, the Court of Appeals, based on *Wolfe*, found there was no conflict between the provisions of K.S.A. 2005 Supp. 8-1567(h) and K.S.A. 2005 Supp. 21-3608a(a)(1). See 39 Kan. App. 2d at 952-53.

The facts in *Wolfe* are similar to the facts in this case, except that there the defendant pled guilty to the DUI charge and was subsequently found guilty of child abuse and neglect. He argued that "the Commonwealth was prohibited from prosecuting him for felony child abuse and neglect . . . based upon his act of transporting his son while driving under the influence because [the DUI statute] provides a specific penalty for a person driving under the influence who has a passenger 17 years or younger." *Wolfe*, 42 Va. App. at 779. After dismissing the precedent cited by the defendant as unhelpful, the *Wolfe* court simply declared that "the meaning of the legislative action may be easily discerned from the plain language of the statute" and found that "the legislature intended nothing more than to enhance the penalty for the crime of DUI where transportation of a minor is involved." 42 Va. App. at 782.

Ultimately, the rule that a general statute should yield to a specific statute covering the same criminal conduct is a rule of statutory construction designed to determine legislative intent and it must yield where there is a clear indication that the legislature did not intend for one statute to be the exclusive mechanism for pun-

ishing a given activity. *State v. Williams,* 250 Kan. 730, 734, 829 P.2d 892 (1992) (citing *State v. Helms,* 242 Kan. 511, 514-15, 748 P.2d 425 [1988]). The fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Winnebago Tribe of Nebraska v. Kline,* 283 Kan. 64, 77, 150 P.3d 892 (2007). When interpreting a statute, an appellate court's first task is to "ascertain the legislature's intent through the statutory language it employs." *State v. Stallings,* 284 Kan. 741, 742, 163 P.3d 1232 (2007). The *Wolfe* court was not considering the Kansas statutes, and we do not so easily ascertain the legislative intent to allow or disallow both charges in the language of the Kansas statutes. Neither the State nor the defendant has pointed to any legislative history elucidating the intent of the Kansas Legislature with regard to the two statutes at issue here. The Court of Appeals stated in its opinion that it had found none, and our research has uncovered none.

When the sentence enhancement provision in K.S.A. 2005 Supp. 8-1567(h) was adopted in 2001, L. 2001, ch. 200, sec. 14, child endangerment existed only as a class A misdemeanor. K.S.A. 21-3608. The statute defining and prohibiting aggravated child endangerment, K.S.A. 21-3608a, was not adopted until 2004. L. 2004, ch. 125, sec. 4. It was amended in 2006 to separate reckless child endangerment from intentional child endangerment. L. 2006, ch. 211, sec. 3. Nothing appears in the legislative history of any of these acts to indicate the legislature considered the other provisions or addressed whether either or both crimes could be charged. The State argues, given that K.S.A. 2005 Supp. 8-1567(h) was enacted prior to K.S.A. 2005 Supp. 21-3608a, there does not appear to be a clear indication that the legislature intended the DUI enhancement provision to be the exclusive mechanism for punishing conduct which is addressed by both statutes.

Kansas case law appears to be well settled on the general rule followed by the Court of Appeals and on the applicability of the rule to criminal cases. The Court of Appeals cited *Williams,* 250 Kan. at 736, for the rule. In *Williams,* the defendant was charged with one count of indecent liberties with a child, K.S.A. 1991 Supp. 21-3503, for the alleged sexual molestation of a 14-year-old child.

The evidence at the preliminary hearing established that the child was his step-granddaughter. Williams moved to dismiss the complaint, arguing that he should have been charged with the more specific crime of aggravated incest as defined by K.S.A. 21-3603 (Ensley 1988). The State argued that the decision to charge the defendant with indecent liberties with a child rather than aggravated incest was within the discretion of the prosecutor. The district court granted the motion to dismiss, finding the legislature intended the aggravated incest statute to be a statute of specific application in that it relates to particular persons or things of a class, so Williams should have been charged with aggravated incest. This court affirmed. *Williams*, 250 Kan. at 737.

The *Williams* court observed: "[F]or the general statute versus specific statute rationale to be applicable to the two crimes, the indecent liberties statute must be viewed as a statute generally prohibiting certain sexual behavior and the aggravated incest statute as applying to the *identical prohibited conduct* by a person related to the victim." (Emphasis added.) 250 Kan. at 736. The court examined the elements of the two crimes and concluded that, although they were similar, "the distinguishing factor is that aggravated incest requires the act to be committed by a biological, step, or adoptive relative of the child. This relationship is not an element in the indecent liberties with a child statute." 250 Kan. at 736.

In *State v. Fritz*, 261 Kan. 294, 933 P.2d 126 (1997), the court focused on this language from *Williams* in a case involving the crimes of theft by deception, K.S.A. 21-3701(b) (Ensley 1988), and loan brokering fraud, K.S.A. 1990 Supp. 50-1017. The court concluded that

"obtaining the victims' property is central to the theft by deception charges, but immaterial to the loan broker fraud charges. This prohibited act (fraud) under 50-1017 of the Loan Broker's Act is not the same act (theft) prohibited under what is now 21-3701(a)(2). Thus, the former does not address a specific subject generally addressed in the latter. The two statutes are not in conflict." 261 Kan. at 304.

Applying the analysis of *Williams* and *Fritz* to this case, for the general statute versus specific statute rationale to be applicable to the two crimes, this court would have to find that the child endan-

germent statute must be viewed as a statute generally prohibiting certain conduct and the DUI statute as applying to the identical prohibited conduct by a person driving while under the influence. See *Williams,* 250 Kan. at 736. Put another way, this court would have to determine that the DUI sentence enhancement provision proscribes for a certain class of persons conduct which is proscribed generally in the child endangerment statute. See *Fritz,* 261 Kan. at 302-03.

The Court of Appeals remarked that "this is a close case," *Cott,* 39 Kan. App. 2d at 951, but concluded that the statutes created independent crimes and neither prevents the application of the other. This conclusion is supported by reasoning that the focus of K.S.A. 2005 Supp. 8-1567 is driving under the influence of alcohol or drugs, while K.S.A. 2005 Supp. 21-3608a(a)(1) is focused on conduct that intentionally and recklessly places a child under the age of 18 at risk of injury to life or health. *Cf. State v. Huser,* 265 Kan. 228, Syl. ¶¶ 5-6, 959 P.2d 908 (1998) (holding that evidence of DUI does not, standing alone, amount to reckless behavior); *State v. Mourning,* 233 Kan. 678, 681-82, 664 P.2d 857 (1983) (same). The two statutes at issue in this case are aimed at preventing different types of behavior, and there is no evident legislative intent to preclude the State from holding the defendant responsible under both statutes when facts are present to support both crimes.

The decision of the Court of Appeals reversing the district court is affirmed. The district court is reversed, and the case is remanded for a new preliminary hearing.