(244 P.3d 1292)
No. 103,312

STATE OF KANSAS, *Appellee*, v. GLEN GARDNER, *Appellant*.

Opinion filed January 14, 2011.

*Courtney T. Henderson*, of Billam & Henderson, LLC, of Olathe, for appellant.

*Ramsey A. Olinger*, legal intern, *Steven J. Obermeier*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Steve Six*, attorney general, for appellee.

Before HILL, P.J., LEBEN and STANDRIDGE, JJ.

HILL, J.: Under Kansas law, a judge has extensive discretion to order a defendant to complete certain tasks as a proviso of probation. But the exercise of that discretion cannot thwart the clear intent of the Legislature expressed in a specific statute. In other words, a judge cannot use his or her discretion, granted in a general statute, to ignore the clear commands stated in a specific statute. Here, as a condition of probation, the sentencing court ordered Glen Gardner to pay all $121 of the costs of an alcohol monitor he was required to wear as a condition of release from jail before trial. According to K.S.A. 2009 Supp. 22-2802(15), the district court can only order a person to pay a maximum of $15 each week for pretrial release supervision costs—or $60 total in Gardner's case. We hold the district court does not have discretion to ignore the limit on costs imposed by the Legislature and, therefore, vacate the order

assessing costs against Gardner. We remand the matter with directions to impose the cost amount as limited by the Legislature.

*After accepting his guilty plea, the court placed Gardner on probation.*

There is no dispute about the history of this case. The State originally charged Gardner with one count of criminal threat and one count of domestic battery. One of the pretrial release conditions imposed on Gardner required him to wear an alcohol monitor. Gardner pled guilty to one count of domestic battery in violation of K.S.A. 2009 Supp. 21-3412a and the State dismissed the criminal threat charge.

The court sentenced Gardner to serve 112 days in the county jail, suspended his incarceration, and placed him on 12 months' probation. In granting probation, the district court ordered that Gardner—among other things—pay $121 for the cost of the alcohol monitor.

Indeed, at sentencing, Gardner's counsel asked the court to waive the costs and fees associated with the case. Defense counsel noted that Gardner was unemployed and unable to work and is the primary caretaker of his epileptic son—whose state benefits had been cut. In response, the court pointed out that Gardner had not paid the alcohol monitor cost of $120. Defense counsel responded that (1) Gardner had paid some of the amount due, and (2) the defense believed the court had authority to waive the cost because there was a weekly limit for such costs set by K.S.A. 2009 Supp. 22-2802(15).

The judge rejected this argument: "I'm imposing the amount. If he wants to appeal that, that's fine. That was a privilege to remain on [the alcohol monitor] and not in custody which he chose to accept. I'm imposing the full amount today as a condition of probation, which I believe today is $120." In the order of probation, the district court stated that Gardner must pay $121 for the cost of the alcohol monitor.

*The court had no discretion to order Gardner to pay the full amount of the monitor expense.*

In this appeal, Gardner claims the district court erred in ordering him to pay $121 for the cost of the alcohol monitor. In Gardner's view, the district court can only order a person to pay a maximum of $15 per week for supervision costs according to K.S.A. 2009 Supp. 22-2802(15). Noting he was released and monitored for 4 weeks, Gardner claims the maximum he can be ordered to pay is $60. The State counters that Gardner was not ordered to pay the cost of the monitoring as a condition of release, but as a condition of probation. Thus, the State argues that K.S.A. 21-4610, a statute that gives the district court broad discretionary power to impose probation conditions, controls and K.S.A. 2009 Supp. 22-2802(15) does not apply.

Clearly, this appeal involves the interpretation and application of two statutes. Thus, we will exercise unlimited review over these questions of law. See *State v. Cott*, 288 Kan. 643, 645, 206 P.3d 514 (2009).

Our law, K.S.A. 2009 Supp. 22-2802, governs the release of persons charged with committing a crime and the district court's authority to impose conditions of release. The statute states that the district court may impose any condition deemed reasonably necessary to assure a person's appearance at the preliminary examination or trial. K.S.A. 2009 Supp. 22-2802(1)(c). The statute further provides that the court "may order the person to pay for any costs associated with the supervision of the conditions of release of the appearance bond *in an amount not to exceed $15 per week of such supervision*." (Emphasis added.) K.S.A. 2009 Supp. 22-2802(15).

In turn, K.S.A. 21-4610 governs the district court's authority to impose probation conditions. The statute states that the court may impose any conditions of probation that it deems proper, including the requirement that the defendant pay a fine or costs applicable to the offense. K.S.A. 21-4610(c)(7).

The district court ordered Gardner to wear the monitoring device as a condition of release on bond, not as a condition of probation. When the court later ordered Gardner to pay for the cost of the device, it essentially required him to pay for a cost "associated with the supervision of the conditions of release"—which is

governed by K.S.A. 2009 Supp. 22-2802(15). In enacting 22-2802(15), our legislature placed a specific cap on the amount that a person can be required to pay for supervision costs incurred while on release.

A fundamental rule of statutory construction controls this issue. Our rule states that when general and specific statutes conflict, the specific statute controls unless it appears the legislature intended otherwise. *State v. Casey*, 42 Kan. App. 2d 309, 319, 211 P.3d 847 (2009). Obviously, K.S.A. 2009 Supp. 22-2802(15) deals specifically with what a court can order a person to pay toward these costs. The general statute, K.S.A. 21-4610(c)(7), deals with the general subject of the payment of fines and costs. The specific statute prevails here.

To rule otherwise would mean that a court could ignore the clear intent of the legislature. The public policy for pretrial release is stated in K.S.A. 22-2801: "to assure that all persons, regardless of financial status, shall not needlessly be detained pending their appearance to answer charges." We hold the legislature meant what it said. There is a limit of $15 a week on all such pretrial release costs. The district court's broad discretion could not overcome this limit.

We vacate the cost order in this case and remand the matter to the district court to impose an order that reflects the limits placed by the legislature.